# Hurt *v.* Blount.

| 63  327|
|115  492|

### *Bill in Equity for Foreclosure of Mortgage.*

1.   *Decree against non-resident, on publication.*—A decree against a non-resident defendant, founded on a decree *pro confesso* rendered on publication only, without any appearance, will not be reversed on error, because it fails to require the defendant, before executing it, to give the statutory bond (Code, § 3834); nor because the chancellor did not direct a copy of the decree to be sent to the defendant.

2.   *Description of mortgaged premises in bill.*—In a bill to foreclose a mortgage on lands, reasonable certainty in the description of the premises is all that is required.   "One thousand and twenty acres of land, more or less," the greater part described by the numbers of the United States survey, with the additional words, "all lying west of the stage road between Seale's Station and Glennville, and bonded on the north by Mrs. L.'s lands, on the south by P.'s place, and on the west by I. & L., and all lying in said county," is sufficiently accurate and definite.

3.   *Setting aside decree, and reinstating it.*—When a final decree is set aside in vacation, on the petition of the non resident defendant, and at the next term this order is set aside, and the petition dismissed, the original decree is thereby restored.

APPEAL from the Chancery Court of Russell.

Heard before the Hon. N. S. GRAHAM.

The bill in this case was filed on the 6th July, 1877, by Joseph G. Blount, against John W. Hurt; and sought to foreclose a mortgage on a tract of land, which was thus de-

scribed in the bill : "a mortgage on one thousand and twenty acres of land, more or less, described as follows : section twenty-four (24), township fourteen (14), and range twenty-eight (28); also, the north half of section twenty-five (25), township fourteen (14), range twenty-eight (28), and a part of section nineteen (19), township fourteen (14), range twenty-nine (29); all lying west of the stage road between Seale's Station and Glennville, and bounded on the north by Mrs. Leonard's lands, on the south by Pitt's place, and on the west by Illges & Ledbetter, and all lying in Russell county." The complainant and defendant both resided in Atlanta, Georgia ; and publication was duly made against the defendant, as a non-resident. At the September term, 1877, on proof of the due publication of the order, a decree *pro confesso* was entered against the defendant; and on a subsequent day of the term, the cause being submitted for final decree, on the bill and exhibits and decree *pro confesso*, the chancellor rendered a decree for the complainant, for the amount shown by calculation to be due on the note secured by the mortgage, and ordered a sale of the lands by the register, unless the amount was paid within thirty days. The decree then proceeded : "And it appearing that the defendant is a non-resident of the State, and that this decree is founded on a bill taken *pro confesso*, without personal service ; it is ordered, that the decree be suspended until the complainant shall execute, or cause to be executed, a bond to account for the rents, value and profits of said lands transferred by operation of this decree, and further to abide by and perform such decree as the court may render, if this decree is set aside, as provided by section 3401 of the Revised Code."

In vacation, August, 1878, the defendant presented his petition, duly verified by affidavit, to the chancellor, alleging that he had a defense to the bill, and that a copy of the decree had never been served on him, and asking to be allowed to answer and defend ; and the chancellor thereupon, by an interlocutory decree at chambers, rendered on the 30th August, 1878, ordered the final decree to be set aside, and the cause to be reinstated on the docket, and that the defendant be let in to defend. At the ensuing October term, 1878, on proof that a copy of the decree had been served personally on the defendant by the sheriff, this interlocutory decree was set aside, and the petition was dismissed.

The errors now assigned by the defendant are : 1. The description of the lands in the bill, and in the mortgage, is not sufficient to authorize a decree of sale. 2. That no amount was fixed by the chancellor, for which a refunding bond should be given. 3. That the court failed to require a

[Hurt v. Blount.]

copy of the decree to be sent to the defendant, as required by section 3397 of the Revised Code. 4. There is no final decree in the cause, authorizing a sale of the lands ; the decree having been set aside, and no final decree since rendered. 5. There was not sufficient proof to authorize the decree *pro confesso.*

SAMFORD & CHILTON, for appellant, cited *Williams v. Roe,* 59 Ala. 629; *Lang v. Pace,* 42 Ala. 495; Rev. Code, § 3337; 5 Ala. 158; 11 Ala. 668; 17 Ala. 681.

WATTS & SONS, *contra.*

BRICKELL, C. J.—In *Holly v. Tell, adm'r, &c.,* at the present term, we held, that a decree final, founded on a decree *pro confesso,* rendered on publication against a non-resident, was not reversible, because the complainant was not required, before executing the decree, to give the bond prescribed by section 3834 of the Code of 1876; nor was it a reversible error, that the chancellor did not direct a copy of the decree to be sent to the defendant.

2. The description of the mortgaged premises, in the original bill, is not vague or indefinite. The greater part of them are described by the survey of the United States land-office. The whole tract can be ascertained and identified by its designation as the farm of the mortgagor in Russell county, and by its location as lying west—that is, bounded on the west—by the stage road between Seale's Station and Glennville. Reasonable certainty of description is all that is required in a bill to foreclose.

3. A vacation of the order setting aside the original decree, which order had let in the defendant to make defense, of necessity restored the original decree.

We have noticed all the points presented by the argument of appellant's counsel, and do not find them available to reverse the decree.

The judgment is affirmed.