# Steele *v.* Walker.

*Action for Trespass.*

1. *Pleading in short by consent; exhibits thereto.*—Where a plea is filed in short by consent and contains an outline of the defense merely, referring to exhibits attached to it, the plaintiff is deemed to consent to treat the same as if all the facts deducible from the exhibits had been set out *in extenso.*

2. *Powers of receiver; possession of property; stranger to suit.*—Where a receiver is appointed by a federal court in a suit of which the court has jurisdiction of the parties and the subject matter, and takes possession of the property in pursuance of the order appointing him, he is not liable in an action of trespass by a stranger to the proceedings who claims title to a part of the property; the order authorizing the receiver to take possession of the property not being void because the plaintiff in the action of trespass was not a party to the suit, and his remedy being by intervention in the suit in the federal court.

3. *Description of property in judgment or decree; definiteness; interlocutory orders.*—While the general rule is that property which is the subject of a judgment or decree must be described with reasonable certainty, so that it can be distinguished from other property of like kind, the rule does not apply with strictness to interlocutory orders, since they are not the source of title to property and are subject to further control by the court.

4. *Same; case at bar.*—A decretal order appointing a receiver and

[Steele v. Walker.]

authorizing him to take possession of certain lands "except such portions thereof, as are co-terminal to and with that portion of the M. & G. R. R. extending from Girard to Troy, Ala., and except such portions as may be in possession of *bona fide* purchasers for value from said company, and except such portions as the said railroad owned and sold in accordance with the terms and conditions of the act of Congress of June 3d, 1856," is not void for uncertainty.

5. *Effect of intervention in equity upon another suit for same cause.* A party who asserts his rights by intervention in a court of equity, thereby becomes a party to the proceeding, and can not prosecute the same right in another tribunal.

6. *Justification under legal process.*—Where property is seized by a marshal of a federal court under an order of the court, that it may be held *pendente lite*, he is not liable in trespass to a stranger to the proceedings claiming title to the property.

APPEAL from the Circuit Court of Macon.

Tried before the Hon. N. D. DENSON.

This was an action of trespass brought by the appellant, W. B. Steele, against the appellee, B. W. Walker, to recover damages for the taking of a quantity of logs. The only rulings presented for review on the present appeal, are the rulings of the court in overruling demurrers to the third, fifth and seventh pleas filed by the defendant. The substance of these pleas, as presented, is sufficiently stated in the opinion. The demurrers thereto were as follows: To the third plea the plaintiff demurred upon the following grounds: "1st. It is not shown that the plaintiff in this case was one of the defendants to the cause of *U. S. v. M. & G. R. R. Co.*, *et als.* or was an agent, attorney, servant or employé of any of said defendants. 2d. It is not shown that the said court had any jurisdiction of the plaintiff or of his property. 3d. It is not shown that any right, authority or jurisdiction existed in the said judge to make the said order, so far as plaintiff in this case is concerned. 4th. It is not shown that said plaintiff in this case had any notice of said proceedings. 5th. The said order was void on its face for want of jurisdiction. 6th. The said order was void on its face for want of jurisdiction of plaintiff or his property. 7th. The said order was void on its face for indefiniteness. 8th. The plea and exhibits show no right in defendant to seize said logs. 9th. The said plea and exhibits show no defense to this suit."

To the fifth plea the plaintiff demurred upon the following grounds: "1st. The plea and exhibits do not show any ratification or affirmance by plaintiff in this suit of said trespass. 2d. The matters shown by said plea show no defense to this suit."

To the seventh plea the grounds of demurrer were as follows: "1st. He adopts the causes of demurrer the third plea. 2d. The plea and exhibits do not show any justification for taking the logs of plaintiff. 3d. The plea and exhibits do not show any defense to this action."

There were verdict and judgment for the defendant. The plaintiff appeals, and assigns as error the rulings of the court upon the pleadings.

Thos. H. Watts, for appellant.—It is well settled that any restraining order or injunction issued by a judicial tribunal without having jurisdiction of the subject matter and of the person is *coram non judice* and void. This doctrine is upheld by all text writers and affirmed by all courts, Federal and State :—*Windsor v. McVeigh*, 93 U. S. 277; *Albright v. Mills*, 86 Ala. 324; *Goodman v. Winter*, 64 Ala. 430; *Grumon v. Raymond*, 6 Amer. Dec. 200; *Haskins v. Young*, 31 Amer. Dec. 426; *Savacool v. Boughton*, 21 Amer. Dec. 181 and note; *Elliott v. Peirsol*, 1 Pet. 328-40; *Latham v. Edgerton*, 9 Cow. 227; *Buck v. Colbath*, 3 Wall. 334; *Bracey v. Calderwood*, 36 La. Ann. 796; *Ford v. Doyle*, 37 Cal. 346; *Overstreet v. Davis*, 24 Miss. 393; *Moseley v. Cocke*, 7 Leigh, 225; Murfree on Sheriffs, §§ 274 and 903; Crocker on Sheriffs, § 282; Black on Judgments, p. 261, § 215; p. 265, § 218; p. 267, § 219.

So a judgment against a person named in the writ but not made a party to the proceedings is void :—*Armstrong v. Harshaw*, 1 Dev. 187; *Bracey v. Calderwood*, 36 La. Ann. 796; *Cheek v. Pugh*, 19 Ark. 574. And a party against whom or against whose property a trespass has been committed by a United States Marshal can maintain an action for said trespass in the State courts. *Buck v. Colbath*, 3 Wall. 334; *McKee v. Rains*, 10 Wall. 25.

A process which is not fair on its face, disclosing a defect of jurisdiction, or some other substantial defect or irregularity, affords no protection to the ministerial

officer acting under it.—*Savacool v. Boughton*, 21 Amer. Dec. 189; *Goodman v. Winter*, 64 Ala. 430; *Buck v. Colbath*, 3 Wall. 334.

ROQUEMORE & WHITE, *contra*, cited *Buck v. Colbath*, 3 Wall. 343; *Freeman v. Howe*, 24 How. 450; *Fireman's Ins. Co. v. Cochran & Co.*, 27 Ala. 237; 1 Waterman on Trespass, § 569.

BRICKELL, C. J.—This was an action of trespass for the taking of a quantity of logs, in which the appellant was plaintiff, and the appellee was defendant. The defendant pleaded the general issue, with three special pleas; to the latter, the plaintiff filed demurrers which were overruled, and the overruling of them, is the matter of the assignments of error.

The pleas were taken "in short by consent;" they do not state, or profess to state the facts relied on as constituting the defense. They are in fact mere skeletons, or outlines, referring to exhibits attached to and forming parts of them, from which the facts relied on in bar of the action, are to be deduced. A plaintiff consenting to this mode of pleading, must be deemed to consent that the pleas shall be interpreted as if the outlines were filled; as if they were drawn *in extenso*, averring the particular facts, so far as these facts may be deduced from the exhibits, essential to constitute the defense they indicate; otherwise, the consent would be unmeaning. This is the interpretation of the pleas on which the demurrer seems to proceed, and it is this interpretation we will adopt, in considering their sufficiency.

The plea numbered three, the first to which the assignments of error refer, sets up in bar of the suit a decretal order of the circuit court of the United States for the Middle District of Alabama, rendered on the 8th day of November, 1890, in a cause therein pending, wherein the United States was the complainant, and the Mobile & Girard Railroad Company, a corporation organized and existing under the laws of this State, and a large number of natural persons, were defendants. The plea annexes as exhibits a copy of the original bill filed in the cause, and of the decretal order to which reference is made. The objects and purposes of the original bill were, the vacation of a certification of the public lands

to the Mobile & Girard Railroad Company, which had been made to the Secretary of the Interior under the act of Congress of June 3d, 1856, granting lands to the State of Alabama, to aid in the construction of railroads; to reclaim and restore to the public domain, such parts of the lands as were forfeited by the failure of the railroad company to perform the conditions upon which the grant was dependent; to restrain trespasses on the lands; to recover timber which had been severed from the freehold; to obtain the appointment of a receiver *pendente lite*, to take possession and control of the lands, and of all timber, logs, lumber and structures thereon. The decretal order appoints the defendant receiver, with direction and authority, to use the language of the order, "to take possession, charge and control of the lands described in the bill, and of all the timber trees, and lumber, logs, and buildings and structures thereon," excepting from its operation lands which, as described, were not subject to forfeiture and reclamation by the United States. Construing the plea, as we have expressed the opinion it must be construed, it must be accepted as averring that the logs, the taking of which constitutes the gravamen of the action, were found upon the lands not excepted from the operation of the decretal order; that they had been severed from the freehold; and that it was in the right and capacity of receiver, they were taken possession of by the defendant. The plaintiff assigned a number of causes of demurrer to the plea; all of which except two, in language not materially variant, assert the proposition, that as the plaintiff was not a party to the suit, the circuit court was without jurisdiction to authorize the defendant as receiver to take possession of logs claimed by him. The remaining causes of demurrer, in general terms, assail the order of appointment, as void for indefiniteness.

It has not been, and cannot be doubted, that the circuit court of the United States, sitting as a court of equity, had jurisdiction of the subject-matter of the suit pending before it; nor, if that were now a pertinent inquiry, that a case was presented in which rightfully it could exercise the power of appointing a receiver. The United States can, and are accustomed to pursue for the protection or for the reclamation of the public lands, the equitable remedies, an individual, under like circum-

[Steele v. Walker.]

stances, may pursue in reference to his own lands, and is entitled to the same measure of relief which would be extended to him.—*U. S. v. Minor*, 114 U. S. 233 ; *U. S. v. Missouri K. & T. R. Co.*, 141 U. S. 358 ; *San Pedro &c. Co. v. U. S.*, 146 U. S. 120. The grant of lands to the State under the act of Congress of June 3, 1856, was a grant in *praesenti*, subject to defeasance by reason of non-performance of the conditions upon which it depended. The breach of the conditions did not *ipso facto* work a forfeiture of the grant, nor cause a reversion of the lands. The title remained in the State, or in the railroad company, succeeding to the title of the State, until the United States asserted the forfeiture either through judicial proceedings, or by legislative action manifesting an intention by Congress to reassert title and resume possession.—*Schulenberg v. Harriman*, 21 Wall. 44 ; *Van Wyck v. Knevals*, 106 U. S. 360 ; *St. Louis, &c. R. Co. v. McGee*, 115 U. S. 469 ; *U. S. v. Southern Pacific R. R. Co.*, 146 U. S. 570.

The circuit court having plenary jurisdiction of the subject-matter of the suit, and in the exercise of the jurisdiction having appointed the defendant receiver, authorizing him to take possession of the logs, which if severed from the lands subject to forfeiture, like the lands, were the property of the United States, the jurisdiction was not limited to the parties to the suit ; it had jurisdiction of the *res*, and through the receiver could take custody of it, without regard to whether all claimants were or were not before it as parties. If the bill had shown that the logs were in possession of the plaintiff, or of any other stranger to the suit, the court would, doubtless, have ordered an amendment of the bill, making the person having the possession a party, or have instructed the receiver to institute the proper action for the recovery of the possession.—*Davis v. Gray*, 16 Wall. 203–218 ; *Parker v. Browning*, 8 Paige, 388 ; 2 Story Eq., § 833. But it was not shown by the bill, that the logs were not in possession of parties to the suit, or that there were strangers claiming any right to, or interest in them ; and the receiver having passed into possession of them, his possession was the custody and possession of the court, not to be interfered with, or disturbed by suit against him.—Beach on Receivers, §§ 213–14 ; High on Receivers, § 139 ; 2 Story Eq., § 833a ; *Ex parte Cochrane*,

[Steele v. Walker.]

L. R. 20 Eq. Cases, 282 ; *Krippendorf v. Hyde*, 110 U. S. 276. If this was not the true doctrine, in many cases, of which this is one as presented by the original bill, the appointment of a receiver would be, if not vain and nugatory, but the beginning of multiplied litigation, delaying the administration of justice. From it results no hardship to strangers to the suit, having rights or interests in the property affected. For the protection of such rights or interests, they may intervene in the suit in which the receiver is appointed, and the court taking care that full justice is done, may entertain the intervention, and in that suit grant appropriate relief, or if the exigencies of the particular case require, may authorize an independent action in another forum against the receiver. The particular causes of demurrer we are considering are limited to the single point, that the order authorizing the receiver to take the logs in possession, as to the plaintiff was void ; a nullity, because he was not a party to the suit ; a contention which can not be supported.

Prior to the act of Congress of March 3, 1887, the enrollment of which was corrected by an act approved August 13, 1888, receivers of the appointment of the courts of the United States, without the previous leave of the court appointing them, were not subject to suits in other courts ; the leave was jurisdictional, and the absence of it pleadable in bar.—*Barton v. Barbour*, 104 U. S. 126. The third section of the act of Congress referred to, authorizes suits against such receivers in other courts, without the previous leave of the court appointing them, ''in respect of any act or transaction of his in carrying on the business connected with such property,'' &c. It is not insisted that the construction of the act lies within the scope of the demurrers ; nor has it been suggested that it authorizes a suit of this character. We have, therefore, no occasion to express an opinion on its construction, or the extent of its operation.

The indefiniteness, or uncertainty in the decretal order, imputed by the two remaining causes of demurrer, is supposed to consist in the exception from its operation of parts of the lands described in the original bill. The exception is expressed in these words : ''Except such portions thereof, as are coterminal to and with that portion of the Mobile & Girard Railroad, extending

from Girard to Troy, Alabama; and except such portions thereof, as may be in the actual possession of *bona fide* purchasers for value from the said railroad company; and except such portions thereof, as the said railroad company earned and sold in accordance with the terms and conditions of the act of Congress of June 3d, 1856." The decretal order must be referred to and read in connection with the original bill, which alleges the construction and operation of the railroad along the line of its definite location, from Girard, one of its termini, to Troy; and this being true, the lands excepted from the operation of the decretal order, were not subject to forfeiture or reclamation by the United States, and there would have been no propriety in extending the receivership to them. The argument is, that the receiver could have ascertained and distinguished the lands excepted from the lands of which he was authorized to take possession, only by a resort to extrinsic evidence, and that, of consequence, the decretal order is void in its entirety. The general rule is, that property which is the subject of a judgment or decree, must be described with reasonable, not with absolute certainty; with such certainty that it may be identified and distinguished from other property of like kind.—1 Freeman on Judgments, (4th ed.), § 500; 2 Jones Mortgages, § 1462; *Hurt v. Blount,* 63 Ala. 327; *Hurt v. Freeman, Ib.* 335. The rule must be of limited application to decretal orders, in their nature interlocutory, under the control of the court until the rendition of the final decree. Such orders do not become the source or foundation of title to property, and while it is desirable in practice to render them as certain as practicable, there is not the reason for exacting from them that degree of certainty required to support a final judgment or decree. The exception is in the nature of a direction or instruction to the receiver, and if he erred in its application, either in the taking possession of lands embraced by it, or in failing to take possession of lands not embraced by it, the court, at the instance of the party aggrieved, would readily have corrected the error. Without inquiring what would be the force and effect of a final judgment or decree, the source of title to lands, expressed in the words of the exception, we do not regard it as affecting the validity of the decretal order. We can not say that the purpose of the

[Steele v. Walker.]

court, not to extend the receivership to the lands not the subject of forfeiture or reclamation by the United States, could have been expressed more intelligibly. As we interpret it, the plea avers that the logs were found upon, had been severed from, and had been taken possession of by the defendant, on the lands not within the exception ; the lands to which the receivership extended. The demurrer was an admission of the truth of the averment, and the averment being true, it is not in this action, whatever of right or interest in the logs the plaintiff may have can be asserted.

The next plea, numbered five, to which the assignments of error refer, when taken in connection with the exhibits annexed, must be regarded as averring that before the institution of this suit, the plaintiff had intervened by petition, in the suit in the circuit court of the United States, averring ownership of the logs, and praying that they be delivered up to him, or their value be paid him. This is the substance of the petition he filed, which may not be formal and technical pleading, but no objection was taken to it ; nor was any objection taken, if the fact exists, that it was filed without leave of the court. In this state of the record pleaded, the plaintiff must be taken as having made himself a party to that suit, elected to submit to the jurisdiction of the court, as if he had been made originally a defendant.—1 Foster Federal Practice, §§ 201-2 ; *French v. Gapen*, 105 U. S. 509–525 ; *Krippendorf v. Hyde*, 110 U. S. 276. The causes of demurrer to this plea are, perhaps, too general ; but without resting our decision upon that point, we do not regard them as well taken. Having elected to make himself a party to the suit in the circuit court, it is in that forum only the plaintiff can prosecute his right to the logs, of which the court has possession.—*Freeman v. Howe*, 24 Howard 450 ; *Buck v. Colbath*, 3 Wall. 334.

The seventh plea, the last to which the assignments of error refer, purports to be a plea of justification under process, and annexes as exhibits, the copy of the original bill, and of an order it styles an order of seizure, made in the cause by the circuit court, on the 18th day of February, 1890, and of an affidavit of W. T. Paulk and J. B. Adams, to which the order refers. The order was rendered on an application by the complainant in the original bill, for a rule requiring the defendants to show

cause why a receiver should not be appointed, and an injunction granted *pendente lite*, in accordance with the prayer of the bill. The part of the order now material is in these words: "It is further ordered that pending said rule to show cause, the United States Marshal of the Middle District of Alabama, do so far take possession and control of said lands, described in the bill, (except such portions thereof, as may be in the actual possession of *bona fide* purchasers for value from said railroad company, and except such portions thereof as the said railroad earned and sold in accordance with the terms and conditions of the act of Congress, approved June 3d, 1856, granting lands to said railroad), as to maintain the *status quo*, and prevent the removal of any timber trees, logs, or lumber, which may be found on the said lands, or which has been cut and removed from said lands, waiting transportation, and now within said district and described in the affidavits filed with bill, and so hold the same, until the further order of the court. It is further ordered that the clerk issue copies of this order to defendants named in the original bill, as well as to the persons named in the affidavit of W. T. Paulk, J. B. Adams and James Wisher, that the same be served without delay." The part of the affidavit of Paulk and Adams, now material, states that William B. Steele, had in certain streams, about ten thousand pine logs, bearing a particular brand, and of particular dimensions, 90 per cent. of which had been cut from lands in a particular township and range, known as the Mobile & Girard Railroad lands, awaiting high water for floatage to market.

Reading the plea in connection with the exhibits, and adopting the construction, we have been constrained to adopt in construing the other pleas, it must be accepted as averring that the defendant was the marshal of the United States, for the Middle District of Alabama; that the plaintiff was the William B. Steele mentioned in the affidavit of Paulk and Adams; that the logs taken by the defendant, were the logs described in that affidavit; that the taking was under the authority and in obedience to the order. The plaintiff assigned the causes of demurrer which were assigned to the third plea, and in addition two others: "The plea and exhibits do not show any justification for taking the logs of plaintiff."

[Probst *et al.* v. Bush *et al.*]

"The plea and exhibits do not show any defense to this action."

The error underlying the argument in support of the demurrer, is in the supposition that the jurisdiction to order the seizure of the logs, and the holding of them during the pendency of the rule to show cause, was dependent on the jurisdiction of the person of the plaintiff. The sequestration of property, the subject-matter of a suit in equity, that it may be preserved in its integrity, pending the making of future orders in reference to it, or pending the suit, is not unusual; it lies within the inherent jurisdiction of the court. The sequestration is *in rem*, drawing the property into the custody and control of the court, and binds the property, though there may not be jurisdiction of all the persons having rights or interests in it.—*Angel v. Smith*, 9 Vesey, 335; *Russell v. East Anglian Railroad Co.*, 3 Macnaghten & Gordon, 104; *Krippendorf v. Hyde*, 110 U. S. 275; *Heidritter v. Elizabeth Oil Cloth Co.*, 112 U. S. 294.

We do not deem it necessary to prolong the discussion of the case. As we feel constrained to construe the pleas, the demurrers were not well taken, and the judgment overruling them must be affirmed.

Affirmed.