# Freeman v. Stewart.

*Bill in Equity by Judgment Creditor to Avoid Fraudulent Conveyance and for Receiver.*

1. *Description of lands in bill; when sufficient.*—The description of lands in a bill as "part lots 126 and 127, known as the Stiles lots," when interpreted to refer not to parts of lots, but to the whole of fractional lots, is sufficiently definite and certain.

2. *Remedies of creditors against lands fraudulently conveyed*—The fraudulent conveyance of lands by a debtor neither enlarges nor limits the rights of his creditors in the premises conveyed, nor clogs or complicates their remedies. The fraudulent conveyance only gives the creditor a cumulative remedy in equity, whereas without such conveyance his remedy was alone by execution at law.

3. *Prior mortgagees not necessary parties.*—Prior mortgagees, or encumbrancers, are not necessary parties to a bill filed by a judgment creditor to annul a fraudulent conveyance of 'lands, to subject the equity of redemption to the payment of his judgment, and to intercept the rents by the appointment of a receiver. The creditor, in such case, seeks only through equity to effectuate the same rights against the land, as he is entitled to enforce by execution at law, and the interests of prior mortgagees are in no way affected.

4. *Encumbrances need not be set out.*—When a bill by a judgment creditor shows that the debtor owns an equity of redemption in certain described lands, which he has fraudulently conveyed, that such equity is insufficient to satisfy complainant's judgment, and to that end seeks to intercept the rents pending the litigation, it is not necessary to set out the nature or amount of prior encumbrances on the lands, held by third persons, not made parties to the bill.

5. *Rents, issues ,and profits; who entitled to.*—Possession, and the right to rents, issues and profits *prima facie* attend the ownersnip of lands. A bill averring that the responaents are the owners, subject to incumbrances, sufficiently shows that the respondents are in possession receiving rents—since incumbrancers, if conceded to be mortgagees, have no claim on the rents, until they have entered under, and after the law day of, their mortgages.

6. *Receivership of an equity in lands; subject to intervention by prior mortgagees.*—The complainant, a judgment creditor, being forced by the fraudulent conveyance of lands by the

[Freeman v. Stuart.]

debtor into equity for a more perfect remedy, the debtor be-
ing insolvent, is entitled to the same measure of satisfaction
out of the property and its rents, incomes and profits as un-
der execution, and this he obtains by the appointment of a
receiver to take the rent, pending suit which would have
passed to the purchaser at execution sale, by a sale of the
land under decree, and the eventual application of the rents
in the hands of the receiver and the proceeds of the sale to
his judgment; all this being done in recognition of the su-
perior rights of prior mortgagees who may at any time in a
proper case intervene either in the pending suit or by orig-
inal bill to subject the property and the rents accruing after
intervention to the payment of their demands.       •

7. *Receiver; when warranted on averments of the bill.*—Where a
bill filed by a judgment creditor to cancel a fraudulent con-
veyance avers that the grantor and grantee are insolvent,
that they are closely related, that the conveyance was made
when the complainant's demand was about to be put into
judgment, that the recited consideration was fictitious and
simulated, and that the conveyance was made to hinder, de-
lay and defraud complainant, and that the lands, less incum-
brances thereon, are insufficient to satisfy complainant's de-
mand, a receiver of rents is properly appointed.

8. *Sufficiency of denials of fraud.*—It is no answer to such a case to
say simply that the conveyance was not made with the in-
tent to defraud, but was made in good faith and that the
recited consideration was real and in fact paid. The facts
must be averred showing good faith and the actual payment
of a real and adequate consideration. It must be made to
appear how, when, and in what the consideration was paid.
Mere conclusions will not suffice in the answer or affidavit,
to meet the averments of the bill on an application for the
appointment of a receiver.

9. *Denials of insolvency; sufficiency of.*—In denials of insolvency
facts and not conclusions must be stated. It is for the court,
and not the affiants, to draw the legal conclusion whether
respondent had property liable in execution sufficient in
value to meet complainant's demand, and to enable the court
to do this, the affidavits should set forth the kind, amount
and situs of the property.


APPEAL from Morgan Chancery Court.

Tried before Hon. WM. H. SIMPSON.

The bill in this case was filed on January 6th, 1897,
by the appellee, John B. Stuart, against the appellants,
Rachel E. Freeman and W. H. Oldacre. The bill
averred that on August 17th, 1896, the complainant,

[Freeman v. Stuart.]

brought an action against the defendant Oldacre in the circuit court of Morgan county, counting upon a promissory note made by him to complainant, and on October 20, 1896, recovered a judgment thereon for $1,018.52; that on September 3, 1896, the said W. H. Oldacre conveyed to the defendant, Rachel E. Freeman,. who was his mother-in-law, upon a recited consideration of $500, the following described real estate in the city of Decatur, Morgan County, Alabama: "Lots 125, 140, 141, 142, part lots 126 and 127, known as the Stiles lots; also lot 85 on the corner of Market and Sycamore streets, on which the Olive Hotel is situated;" that the said Rachel E. Freeman did not pay Oldacre the sum of five hundred dollars for said conveyance, nor any sum of substantially that amount, but said recited consideration was simulated and fictitious, and said deed was executed to defraud the complainant. It was then further averred that at the time of the execution of the conveyance by Oldacre to Mrs. Freeman, the real estate described therein "was heavily encumbered and is yet. It is far less in value (considering encumbrances) than the amount of complainant's judgment, but yields a small rental income, and defendants are insolvent." The prayer of the bill was, that a receiver be appointed to take charge of said property and collect the rents pending the suit; that the conveyance be declared fraudulent and void and vacated and annulled, and that it be sold and subjected to the payment of complainant's judgment, and that all rents collected by the receiver be paid over to the complainant on his said judgment. The bill was duly verified by affidavit of complainant.

The respondents demurred to the bill on the following grounds: 1. "The description of the property described as parts of lots 126 and 127 is insufficient to locate said lots. 2. The averments of the bill fail to disclose the character of the encumbrance alleged to be upon the property sought to be subject to a receiver and sale, that is, whether said encumbrance is by mortgage, vendor's lien, deed of trust, judgment, or other lien. 3. The averments of the bill fail to disclose the name of names of the party or parties holding or owning liens on said property. 4. It is not averred in said bill who executed or created the encumbrance upon said property.

5. The holders or owners of the alleged encumbrance are not made parties to the bill.　6. It does not appear from the averments of the bill that either of the defendants are now or ever were in possession of said property. 7. The averments of the bill show that only an equity of redemption was sold by defendant Oldacre to defendant Freeman, which can not be made the subject of a receivership.　8. The bill does not seek to redeem the property from the encumbrances." The respondents also moved to dismiss the bill for want of equity. The defendants then jointly and severally filed the following pleas of non-joinder of parties:　"1. One W. V. Echols, who resides in Morgan county, Alabama, is the holder and owner of a mortgage on the real estate involved in this suit, executed to him by H. S. Freeman, the vendor of W. H. Oldacre prior to the conveyance of said real estate by said H. S. Freeman to said W. H. Oldacre; and that said mortgage is, and was at the time of filing this bill, past due and unpaid, and that said W. V. Echols is not made a party to the bill.　2. Mrs. M. E. Dickson, Mrs. Harriett Hamlett and Miss Mary Windham, who reside in Madison County, Ala., are beneficiaries in a mortgage or deed of trust, executed by said H. S. Freeman, the vendor of said W. H. Oldacre, to John Rison, now deceased, prior to the conveyance of said real estate by said H. S. Freeman to Oldacre and that said mortgage or deed of trust is, and was at the time of filing this bill in this case, past due and unpaid, and that said M. E. Dickson, Harriett Hamlett and Mary Windham are not made parties defendant to this bill." To these pleas of the defendants the complainant demurred upon the following grounds substantially: 1. It is not averred that the beneficiaries in the mortgage or deed of trust, or representative of Rison, trustee, or either of them, are in possession of said property, or of any part thereof.　2. The mortgagee or trustee in the deed of trust, and the beneficiaries therein, are not necessary parties to a bill to annul a fraudulent conveyance not made to or by them, or either of them.　3. Because the rights of neither party to the fraudulent conveyance require the presence of any mortgagee, or encumbrancer before the court.　4. It is not shown that any right or interest of said beneficiaries in the deed of trust, or of the mortgagee in the mortgage, can

be affected by this suit. Each of the defendants filed separate affidavits, in which they each affirmed that the real estate conveyed in the deed from Oldacre to Mrs. Freeman "was for the bona fide consideration of five hundred dollars as expressed in the deed, and that such purchase and conveyance was not made to hinder, delay or defraud John B. Stuart or any creditor of W. H. Oldacre in the collection of any debt due from or owing by said W. H. Oldacre. ＊ ＊ ＊ that (Mrs. Freeman) is not insolvent, but has in addition to and over and above her homestead and other exemptions, property and effects of the value of two thousand dollars, or more, liable to execution or other legal process, and that she owes no debts." It is then affirmed in each of the affidavits that the persons mentioned in the pleas have claims or liens upon the real estate involved in the suit, and that they acquired them before the conveyance of the property by H. S. Freeman to W. H. Oldacre. Upon the submission of the cause upon the bill, the demurrers thereto, the motion to dismiss, the pleas of defendants and demurrers thereto, in connection with the affidavits of the defendants, the chancellor rendered a decree overruling the demurrer and motion to dismiss the bill, sustaining the complainant's demurrer to defendant's pleas, and granting an order appointing a receiver. From the decree the defendants appeal, and assign the rendition thereof as error.

W. H. FRANCIS, for appellants.—The description of the lands is insufficient, 3 Brick. Dig. 378, §174; *Williams v. Rule,* 39 Ala. 629; *Hurt v. Freeman,* 63 Ala. 335; *Gilchrist v. Schackleford,* 72 Ala. 7. Prior mortgagees or incumbrancers are necessary parties.—*Prout v. Hoge,* 57 Ala. 28; *Teague v. Corbitt, Ib.* 529; *Forrest v. Luddington,* 68 Ala.; *Merritt v. Phenix,* 48 Ala. 87; *McCulley v. Chapman,* 58 Ala. 325; *Bibb v. Hawley,* 39 Ala. 403; *McDonald v. McMahan,* 66 Ala. 115; *Sawyers v. Baker, Ib.* 292; *Hutton v. Williams,* 60 Ala. 107; *Watson v. Oats,* 58 Ala. 647; *Dooley v. Villalonga,* 61 Ala. 129; *Boyle v. Williams,* 72 Ala. 351; *Powers v. McLeod,* 76 Ala. 418; *Bed v. Hall, Ib.* 543; *Lawson v. Warehouse,* 73 Ala. 289. The court erred in the appointment of a receiver.—*Meyers v. Johnston,* 53 Ala. 237; *Brierfield v. Foster,* 54 Ala. 622; *Randle v.*

*Carter,* 62 Ala. 95; *Hughes v. Hatchett,* 55 Ala. 65; *Crowder v. Moore,* 52 Ala. 230; *Bank of Florence v. United States Saving & Loan Co.,* 104 Ala. 297; *Etowah Mining Co. v. Wills-Valley Mining & Mfg. Co.,* 106 Ala. 492.

F. W. GODBEY, *contra.* The description is sufficient. *Baucum v. George,* 65 Ala. 259; *Martin v. Wood,* 76 Ala. 204. The mortgagees were not necessary parties.—*Williams v. Spraggins,* 15 So. 249; *Bolling v. Pace,* 12 So. 798; Waite on Fraud. Con., 138; Hawes on Parties to Actions, 27. It will not be presumed, in the absence of averment, that mortgagees are in possession.—*Perkerson v. Snodgrass,* 85 Ala. 141. The receiver was properly appointed.—*Micou v. Moses,* 72 Ala. 439; Gluck & Beck on Rec'rs, 21; 8 Am. & Eng. Encyc. of Law, 238; *Ashurst v. Lehman,* 86 Ala. 370; *Steele v. Walker,* 21 So. 942; *Cotton v. Carlisle,* 85 Ala. 175. The sworn bill was a sufficient showing, and the counter showing by affidavit was vague, equivocal and evasive.—*Hendrix v. Amer. Mfg. Co.,* 95 Ala. 313; *Cartwright v. Bamberger,* 90 Ala. 410, 411.

McCLELLAN, J.—We understand by the words of description contained in the bill, viz.: "The following described real estate in the city of Decatur, Morgan county, Alabama, to wit, * * * part lots 126 and 127 known as the Stiles lots," that reference is made, not to *parts of* lots 126 and 127, but to the whole of said lots, and that they are fractional lots, *i. e.,* less in their entire area than the size of lots generally as laid out in the plat of the town. So interpreted, the description is sufficiently definite and certain.

We do not think it was incumbent on the complainant to make prior mortgagees parties to this bill. The complainant as a judgment creditor of Oldacre had a right on the facts averred in the bill to sell the real estate in controversy under an execution issued on his judgment, and running, of course, against Oldacre alone, without any notice to or taking any account of the mortgagees, and the purchaser at such sale would have taken only Oldacre's interest in the property. The rights and interests of the prior encumbrancers would not have been at all affected by such sale, but the pur-

chaser taking the shoes of Oldacre would have held as he did subject to the superior rights of the mortgagees. Oldacre's fraudulent conveyance of his interest in the property to Mrs. Freeman neither enlarged nor limited complainant's rights in the premises, nor in anywise clogged or complicated his remedies for their enforcement. He still had a perfect right to subject Oldacre's interest to the payment of his debt, and this without instituting any contest with the mortgagees, for, seeking to subject no interest that belonged to them, there was and could be no issue, no matter for litigation, between him and them. The only effect of the fraudulent conveyance by Oldacre to Mrs. Freeman was to give the complainant an additional and cumulative remedy. Before his remedy was solely by execution on his judgment. After the conveyance he could either levy his execution on the assumption that the transaction between Oldacre and Mrs. Freeman was invalid, or he could proceed, as he is proceeding here, by bill averring the fraud of that conveyance, and seeking to have it set aside and the property sold under decree in chancery to satisfy his judgment. The prosecution of this latter remedy, no more than a resort to execution at law, can not affect any interest the mortgagees have in the land, the chancery sale will be as an execution sale would have been, subject to all the rights of the prior encumbrancers; and as no interest of theirs can be affected by this proceeding, as indeed no interest of theirs is or can become interested in this litigation, it is inconceivable that any necessity or occasion can exist or arise for making them parties to the bill. This is the logical view; and the authorities support it.—*Bolling & Son v. Pace,* 99 Ala. 607; *Williams et al. v. Spraggins, Buck & Co. et al.,* 102 Ala. 424; Waite Fraud. Conveyances, §138; Hawes on Parties, § 27.

Nor was it necessary to aver particularly the nature and amount of the encumbrances on the property in controversy. The purpose of the averment was to show the necessity for the appointment of a receiver to percept the rents for that on account of the prior encumbrances the property, or rather Oldacre's interest in it, was not of sufficient value to pay complainant's judgment. The averment is in substance and effect only this, and might well have been made in this way: Old-

acre owned an equity of redemption in certain described
property which was subject to the payment of complain-
ant's judgment.   This he fraudulently conveyed to Mrs.
Freeman to defeat complainant in the collection of his
debt.   The equity is not of value sufficient to satisfy
the debt, and it is necessary to that end that the rents
thereof pending the suit should be intercepted and held
by the court and eventually applied to complainant's
debt.   Obviously such a statement of complainant's
case would not have been open to criticism for not show-
ing why Oldacre had only an equity, or in whom the le-
gal title was, or the extent of the encumbrance upon it.
It might as well be contended that where it is necessary
to aver the value of a mule, or its inadequacy of value to
a certain end, the pleader should go on and aver that it
was only of the value stated, or of inadequate value be-
cause it was a very small or a very old mule, or was
blind, or the like; or, as suggested by counsel, inade-
quacy of the value of property to meet a debt might re-
sult "from its location, or swampy character, or diffi-
culty of access thereto; yet it would not be necessary to
aver in just what particular the location was undesira-
ble, or whether it was all covered by morass, etc., or just
what obstacles were interposed to egress or ingress."

On the case made by the bill Oldacre was the owner of
the lots down to the time he conveyed to Mrs. Freeman,
and the latter then became the owner as between herself
and the former.   Possession and the right to rents is-
sues and profits *prima facie* attend ownership; and
hence Oldacre and Mrs. Freeman severally have been in
the possession and in the perception of rents down to
and were at time of bill filed.   True, the bill avers that
the premises were "heavily encumbered," but it does not
follow from this that the encumbrancers were such as to
become entitled to the rents under any circumstances;
and, even conceding that the encumbrancers were mort-
gagees—which is not shown by the bill, directly or in-
ferentially—they would have no claim on the rents un-·
til they entered under, and after the law day of their
mortgages.   Of this there is no pretense referable to the
averments of the bill.

The bill further averring the insolvency of the re-
spondent, presented a case entitling the complainant to
subject Oldacre's interest in the property and the rents

thereof coming to him or to his alleged fraudulent grantee pending litigation to the payment of his judgment, and the several demurrers to it were properly overruled.

The pleas filed by respondent were bad. They showed that Oldacre had only an equity of redemption in the land, and proceed on the idea that there can be no receivership of land in which the respondent has only the right to redeem. This is an erroneous theory, certainly when, as in this case, the respondent is in the possession and in the perception of rents. Under our statutes an equity of redemption may be levied upon and sold under execution, as we have seen, and the purchaser at such sale succeeds to the possession and right to rents of the defendant in execution. The plaintiff in judgment being forced by the fraudulent conveyance of the defendant into chancery for a more perfect remedy, is entitled to the same measure of satisfaction out of the property and its rents, incomes and profits as under execution, and this he obtains by the appointment of a receiver to take the rents pending suit which would have passed to the purchaser at execution sale, by a sale of the land under decree, and the eventual application of the rents in the hands of the receiver and the proceeds of the sale to his judgment. Of course all this is done in recognition of the superior rights of prior mortgagees who may at any time in a proper case intervene either in the pending suit or by original bill to subject the property and the rents accruing after intervention to the payment of their several debts.—*Micou v. Moses,* 72 Ala. 439; *Ashurst v. Lehman, Durr & Co.,* 86 Ala. 370; *Steele v. Walker,* 115 Ala. 485. Of course if the pleas had shown that the mortgagees were in possession and in the perception of rents they would have been good defenses, at least so far as the bill seeks to subject the rents, but they do not aver these facts.

The bill therefore, we conclude, was sufficient in all respects to warrant the relief prayed including the appointment of a receiver; and the pleas, we further conclude, presented no defense, and were properly stricken out. It remains to be considered whether the receiver should have been appointed on the showing made at the hearing in that regard. The bill sufficiently charged fraud in the conveyance by Oldacre to Mrs. Freeman,

and that both Oldacre and Mrs. Freeman were insolvent. The respondents filed affidavits in which they in general terms only deny fraud and aver that the recited consideration for the conveyance was paid; and they further affirm that one of them, Mrs. Freeman, is solvent and has over and above her exemptions property and effects liable to execution of the value of two thousand dollars or more. The parties to the alleged fraudulent conveyance were closely related—Oldacre was the husband of Mrs. Freeman's daughter. The conveyance was made when complainant's debt was about to be put into judgment. And it is averred that the recited consideration was fictitious and simulated and that the conveyance was executed to hinder, delay and defraud the complainant. It is no answer to such a case to say simply that the conveyance was not made with the intent to defraud but was made in good faith and that the recited consideration was real and in fact paid. The facts must be averred showing good faith and the actual payment of a real and adequate consideration. It must be made to appear how, when and in what the consideration was paid. Mere conclusions will not suffice in the answer or affidavit. These are for the court and not the respondent or affiant to draw; and there must be such presentation of the facts, as contradistinguished from conclusions of fact, as will enable the court upon the assumption of their truth to say that no fraud was committed. On the inquiry of fraud *vel non,* the affidavits were wholly insufficient to meet the averments of the bill.—*Robinson v. Moseley,* 93 Ala. 70; *Cartwright v. Bamberger,* 90 Ala. 410.

The affidavits are also insufficient in respect of the insolvency of Mrs. Freeman. Here, too, facts and not conclusions should have been stated. It should not have been stated merely that she had property and effects liable to execution of the value of two thousand dollars or more. It was for the court and not the affiants to draw the legal conclusion that she had property *liable to execution* sufficient in value to meet complainant's demand, and to enable the court to do this the affidavits should have set forth the kind, amount and situs of her property and effects. The affiants may be altogether mistaken as to the liability of her property to execution, and if so the complainant would suffer from

[First National Bank of Gadsden v. Winchester.]

the court's allowing the legal question to be decided by the parties instead of insisting upon its right and discharging its duty to decide it itself.   The court properly held the showing made against the case for the appointment of a receiver presented by the averments of the bill insufficient, and its order appointing the receiver, as also its decree on the demurrers and pleas, must be affirmed.
Affirmed.