MILES v. NEW SOUTH BUILDING & LOAN ASS'N.

ARMSTRONG v. AMERICAN TRUST & BANKING CO.

(Circuit Court, N. D. Georgia. August 1, 1899.)

RECEIVERS—SUMMARY PROCEEDING TO OBTAIN POSSESSION OF PROPERTY—POWERS OF COURT.

Where a court of equity has undertaken to administer the property and assets of an insolvent corporation, and has appointed a receiver therefor, it has power in summary proceedings, on a petition of the receiver filed in the same case against a second corporation having in its possession property of the defendant, to require such property turned over to the receiver, where the company against which the petition is filed claims no interest therein in its own right, but holds it merely as trustee to secure certain creditors and the stockholders of the defendant, as such order affects no rights in the property, and the interests of the trustee as well as the beneficiaries of the trust can be fully protected by the court. It is only where a right to the property adverse to the defendant and its creditors is asserted by the party in possession that a separate suit in which such right can be adjudicated is necessary.

On petition of the receiver against the American Trust & Banking Company for an order requiring it to surrender possession of certain securities owned by defendant.

J. P. Blair and W. A. Wimbish, for petitioner.

R. T. Dorsey and Mr. Gray, opposed.

SHELBY, Circuit Judge. The original bill in this cause was filed in the Eastern district of Louisiana to close the business of the New South Building & Loan Association, an insolvent corporation, and to pay its debts, and distribute its assets. The association having as-

sets in Georgia, Florida, and Alabama, ancillary bills were filed in the United States courts in those states. The petitioner Johnston Armstrong was appointed receiver in the original and ancillary cases by decrees conferring the powers usually conferred on receivers to sue for and collect the assets of the association, etc. The American Trust & Banking Company (hereinafter called the "Company") has in its possession assets of the association amounting to about $447,466. These assets are held in part to secure certain bonds amounting to about $136,000, issued by the association, and in part to secure other creditors of the association. The Company, in a bill filed by it June 10, 1899, but afterwards withdrawn, alleged:

"That the character of securities in its hands as trustee and depository * * * are first liens on property of numerous borrowers from said association, that said liens are scattered through a number of states, and that such debtors are in many jurisdictions. Your orator is especially charged with the duty of protecting the interests of the bondholders and of the stockholders and creditors of said association to the fullest extent possible through said securities, and orator shows that it is impossible to satisfactorily collect in said securities and obligations, or to enforce collection of the same, except through the aid of a receiver; * * * that said assets will be largely wasted unless the same receive the immediate and vigorous attention of some person authorized by an order of * * * court to enforce collection of the same, and to deal with the affairs of said association in the manner to best subserve the interests of all parties."

This bill was duly verified by affidavit. After having been appointed receiver, the petitioner Johnston Armstrong demanded of the Company the possession of these securities. The Company, under advice, declined to surrender possession of them to the receiver. The receiver therefore filed the petition or motion now before the court, seeking an order to place him in possession of the securities. The petition states the facts elaborately, and prays for an order directed to the Company requiring it to deliver the securities to the receiver.

The defense is made that the court has no jurisdiction to proceed in this summary way, but that a formal suit should be brought to recover the assets, and that on the facts the Company is entitled to retain the possession of the assets. It is stated in Parker v. Browning, 8 Paige, 388, that, "if the property is in the possession of a third person, who claims the right to retain it, the receiver must either proceed by suit in the ordinary way to try his right to it, or the complainant shall make such third person a party to the suit, and apply to have the receivership extended to the property in his hands." This case is often quoted approvingly, but usually with an emphasis in the context on the limiting words that the third person, to make the formal suit necessary, should be one who "claims the right to retain the property." This claim of the right to retain it does not mean a bare refusal to surrender it. It means the assertion of some right or interest in the property; not a mere possession or a holding of the property for others who are parties to the suit, or whose rights are protected by the suit. The practice of requiring the surrender of property to the receiver by summary motion or petition is well recognized where it is held by the attorneys, agents, and employés of the defendant. Beach, Rec. 230. The same practice seems not improper where the property in question is held by a defendant in the

motion, not for himself, but as trustee, and so, in a sense, as the agent, for those interested in the assets, including the defendant in the case. In modern litigation in equity a defendant's property may be in the possession of hundreds of agents and bailees, holding under various agreements, and it is not reasonable that a receiver appointed of all of the assets should be required to sue each bailee and agent separately, or that all should be made parties to the main suit, should they merely refuse to surrender the assets. When a receiver is appointed for a corporation doing business by agents in many states, to make the appointment serve its purpose the court should have jurisdiction to require a surrender of the property to the receiver. The order in such cases requiring the delivery of the property to the receiver does not affect the title to the property, nor even the right of possession. It only places the assets in the custody of the officer of the court, who holds them for those ultimately shown to be entitled to them. Union Bank v. Kansas City Bank, 136 U. S. 223, 10 Sup. Ct. 1013. The decision of the motion affects no beneficial interest in the property. When the motion is disallowed, it is not a thing adjudged as to the ownership of the property against the receiver; nor is the granting of the motion conclusive against the defendant in the motion as to any title or interest in the property. In the former case the receiver could bring a formal suit, and in the latter the defendant in the action could sue the receiver, or intervene in the litigation. This summary proceeding is not opposed to the constitutional provision that no one shall be deprived of his property without due course of law, because the receiver does not become vested with any beneficial title to the property. Beach, Rec. 209, 230; Brandt v. Allen (Iowa) 40 N. W. 82. In litigations involving the receiverships and settlements of insolvent corporations it is desirable that the procedure be concentrated in one cause, so far as practicable. In White v. Ewing, 159 U. S. 36, 15 Sup. Ct. 1018, it was held, in a suit to distribute the assets of an insolvent corporation, that an ancillary suit or ancillary suits might be brought in the same case by the receiver against 130 persons who were indebted to the corporation. There seems to be no good reason why persons in possession of the assets of the corporation cannot be brought before the court by summary petition, and, if they admit the possession, and show no beneficial claim or title in themselves, be required to surrender such assets to the receiver. The Company claims no ownership in the assets. Its claim is as trustee for others. The main suit is to settle an insolvent corporation, and the rights of all of the beneficiaries in the trust represented by the Company can be fully protected by the court in the case in which the receiver was appointed. The assets consist of notes and mortgages, which must be speedily collected, or there will be much loss. The Company has stated, and it seems evident, that the assets will be lost to a great extent unless a vigilant effort is made to collect them. The Company, in a sworn bill, has affirmed that a receiver is necessary to make these collections. The receiver in this case has authority to make the collection if he is placed in possession of the notes and mortgages. It is true that the assets in the possession of the Company are in part held to secure

bonds issued by the defendant corporation, and that these securities cannot lawfully be diverted from that purpose. The securities must be held for the purposes for which they were deposited, and no order will be made to appropriate them to other purposes. The proceeds of the collection by the receiver of these claims will be held as a separate fund, subject to the same trusts that were impressed on the claims by the contracts under which they were held by the Company. The Company will not only be protected by the order of the court to surrender the assets, but will also be protected by subsequent orders applying the funds arising from the claims in strict conformity to the trusts under which the claims have been held by the Company.

Whether or not the Company is a necessary party defendant to the bill is a question not necessary to be now decided. If it is, and is not made a party, it would be permitted to intervene in the cause by petition, if it became necessary to do so to protect or assert any interest involved in the suit.

An order may be entered in conformity to the views expressed in this opinion, granting the relief prayed for in the petition.