MILES v. NEW SOUTH BUILDING & LOAN ASS'N (AMERICAN TRUST & BANKING CO., Intervener).

(Circuit Court, N. D. Georgia. January 5, 1900.)

No. 1,077.

1. INSOLVENT CORPORATION—SUIT FOR WINDING UP—PARTIES.

A trustee holding securities of a corporation, deposited to secure its outstanding bonds, is a proper party to a suit in equity to wind up the corporation as insolvent.

2. SAME—ANCILLARY RECEIVERSHIP—INTERVENTION.

Where, after the commencement of a suit to wind up the affairs of an insolvent corporation in a federal court in the district of its domicile an ancillary suit is brought in a federal court of another district, in which the receiver appointed in the original suit is made ancillary receiver, and a trustee holding assets of the corporation and residing in such district is ordered by the court to turn the same over to the ancillary receiver for collection, such trustee is entitled to intervene, and become a party to such suit, in the court which has custody of the fund, and have its rights and duties with respect to its trust there determined and enforced, and cannot be compelled to go into another jurisdiction, where the original suit is pending.

3. SAME—RIGHTS OF TRUSTEE HOLDING ASSETS.

Where a corporation which has issued bonds, and to secure the same has deposited securities with a trustee with power to sell the same on default in the payment of interest, becomes insolvent, and the trustee has

been ordered by a court to turn the securities over to a receiver appointed in a suit to wind up the affairs of the corporation, such trustee has the right to intervene in the suit for the protection of its trust, although there has been as yet no default.

### In Equity.

On June 2, 1899, Mrs. Feliciana R. Miles filed a bill in the United States circuit court for the Eastern district of Louisiana against the New South Building & Loan Association, a corporation created and organized under the laws of Louisiana, alleging insolvency of the corporation, and asking that a receiver be appointed, and the affairs of the corporation wound up. On June 3, 1899, a receiver was appointed as prayed. On June 6, 1899, Mrs. Miles filed an ancillary bill in the United States circuit court for the Northern district of Georgia. On the filing of this bill an order was rendered by said court taking ancillary jurisdiction of the cause, and recognizing and confirming the receiver already appointed. At the time the bill was filed, there were in the hands of the American Trust & Banking Company securities of the association to the amount of $447,466, which securities were held by the trust company under a trust agreement. The receiver demanded of the trust company the surrender of said securities, which was refused. On July 3, 1899, the receiver presented a petition to the circuit court of the United States for the Northern district of Georgia, which was heard by Judge Shelby, praying for an order directing the delivery to him of the property in question. For decision rendered in said case, see Miles v. Association (C. C.) 95 Fed. 919. On September 20, 1899, the American Trust & Banking Company, a Georgia corporation, having its home in the Northern district of Georgia, filed its intervention in the United States circuit court for the Northern district of Georgia, in which, after setting forth the status of the litigation prior to the date of the bringing of its intervention, it set up the following facts: That on December 14, 1891, the New South Building & Loan Association desired to issue bonds and secure the same by the deposit of cash or certain notes and other securities. To this end it created the Manhattan Trust Company of New York trustee, and entered into an agreement on the date named with said trust company, in which it was stipulated that the association should deposit with the trust company $100 in cash or $125 in securities for each $100 of bonds issued. In 1893 and 1894 supplemental agreements were entered into, which only related to the amount of bonds to be issued and the amount of securities to be deposited, and are not material here. On June 23, 1898, an agreement was entered into between the association and the American Trust & Banking Company, by which the latter company was substituted as trustee for the Manhattan Trust Company, and in which there were certain other stipulations, immaterial here. The trust agreement provides, as it now stands, in the hands of the American Trust & Banking Company, that upon default in the payment of interest the trustee shall proceed through itself or through the courts to realize on the securities in its hands for the benefit of the bondholders. The American Trust & Banking Company prays that it may be allowed to come into the litigation in the Northern district of Georgia, and that, in view of the insolvency of the association, and the fact that it is being wound up in the courts, the bonds may be declared due and be paid. It contains other prayers immaterial for present purposes. To this intervention demurrers were filed by the complainant and the receiver.

Denegre, Blair & Denegre, for complainant.

Denegre, Blair & Denegre and W. A. Wimbish, for receiver.

Dorsey, Brewster & Howell and Gray, Brown & Randolph, for intervener American Trust & Banking Company.

NEWMAN, District Judge. In determining the demurrers filed by Mrs. Feliciana R. Miles, complainant in the original bill, and Armstrong, receiver, to the intervening petition of the American Trust & Banking Company, it is unnecessary at this time to pass upon

some of the interesting questions ably argued by counsel at the bar and in briefs subsequently filed. It is necessary, however, to decide: (1) Is the intervener a proper party to this litigation? (2) May it come into the litigation by intervening petition in the circuit court for this district? (3) Can it proceed at all before default in the payment of interest on the bonds secured by the trust agreement in which it is named as trustee?

As to the first question, it can scarcely be doubted that the intervening trust company is a proper party. It was named as trustee to hold certain notes and mortgages of the association which were placed in its hands to secure bonds and other obligations of the association. As the association is now in the hands of a receiver, and its business is being wound up for the benefit of persons at interest, the trust company is not only a proper, but probably a necessary, party to the cause.

It is contended, however, that the trust company cannot come into the circuit court for this district, even if it is a proper party to the case. The claim is that, if it becomes a party at all, it should be in the cause in the court of primary jurisdiction in the Eastern district of Louisiana. So far as the demurrer on this ground by the receiver is concerned, it may be answered that he has brought the trust company into the litigation in this district by his motion filed in this court for the purpose of having the assets of the association in the hands of the trust company turned over to him as receiver. He filed his petition in the court in this district. It was answered here by the trust company, and heard and decided by Circuit Judge Shelby on the pleadings in this district. The status of the trust company in the litigation, so far as it has been determined, is to be gathered from proceedings in this district. Judge Shelby, in the motion referred to (95 Fed. 919), while directing that the assets held by the trust company should be turned over to the receiver to be collected, ordered that the money realized from the same should be deposited by the receiver with the trust company. He seems to have reserved any rights of the trust company for further determination, and simply decided the question of possession for the purpose of reducing the securities to money. In concluding his opinion on the motion to turn over the assets to the receiver, Judge Shelby says: "Whether or not the trust company is a necessary party defendant to the bill is a question not necessary to be now decided. If it is, and is not made a party, it would be permitted to intervene in the cause by petition if it became necessary to do so to protect or assert any interest involved in the suit." While learned counsel endeavor to give this expression a different construction, I think it is fair to infer that, as he was discussing the case in this district, the judge had reference to the right of the trust company to intervene in the suit in this district. Especially is this true as the judge directed, as has been stated, that the money be deposited by the receiver with the trust company in this district. But, independently of the decision of Judge Shelby, and of anything to be gathered from that proceeding, or his order and opinion, an ancillary bill is pending, in the circuit court for this district, and this is the home

of the trust company. The securities of the association deposited with the trust company are still probably in contemplation of law, in this district, the naked possession being in the receiver for collection; and it would seem to be eminently proper that any peculiar rights the trust company may have should be enforced, and any duty that may be upon it discharged, by applying to the circuit court for this district. There is no reason whatever why there should be any conflict between the court for the Eastern district of Louisiana and the court for this district. The circuit court in Louisiana is the court of primary jurisdiction, and has the general control of this case, and any orders that may be entered or any decree made in this district must be in accordance with the recognized equity practice in federal courts concerning courts of ancillary jurisdiction.

As to the right of the trustee to come into court before there is default in the payment of interest on the bonds secured by the trust agreement, it is only necessary to say that the affairs of the association are being liquidated and wound up by a receiver, and its inability to carry out the purposes for which it was organized is conceded. It is certainly the right, if not the positive duty, of the trustee, to come into the litigation, and set up the trust agreement, and the rights of the beneficiaries under the same. What relief will be granted it is a question which must be determined as the case proceeds. Much, necessarily, may depend upon the action of the circuit court in Louisiana having general control of the litigation, when its orders and decrees are brought to the attention of this court.

There is no question about the correctness of the argument that there should be harmonious and concentrated management of the affairs of the association, the collection of its assets and the disposition of the same, and nothing whatever will be done in this court to retard or prevent it. An order will be entered overruling the demurrer, and the case made by the intervening petitioner will be retained in this court for such further action as may be necessary and proper.

The bill in this case was first presented to Circuit Judge PARDEE, who made the order appointing the receiver, and who authorized and directed the filing of the ancillary bill in this district. He has been present in this district while I have had the case under consideration, and I have conferred with him about it, and have also shown him this opinion. He authorizes me to state that he concurs both in the conclusion reached, and in the reasons I have briefly given for the same.