## WALLACE *vs.* NELSON, ADM'R, &c.

[ACTION ON INJUNCTION BOND—TAXATION OF COSTS.]

1. *Construction of statute imposing costs on successful plaintiff, in action against executor or administrator, for failure to prove presentation of claim.*—Under the statute (Code, § 1887) which imposes the costs on a successful plaintiff, in an action against an executor or administrator, commenced after the death of the testator or intestate, for a failure to prove a presentation of his demand, if the defendant intends to raise the question of presentation, he must present it on the record by plea or suggestion, so that the plaintiff may have an opportunity of proving the presentation, and the issue must be tried by the jury; but, if no such plea or suggestion is made, and the plaintiff has a general verdict on the issues joined, he is entitled to full costs.

APPEAL from the Circuit Court of Shelby.
Tried before the Hon. E. W. PETTUS.

This was an action on an injunction bond, brought by Samuel Wallace against Hudson W. Nelson, as administrator of Henry W. Robertson, deceased, and was commenced in August, 1854. The defendant pleaded, in short by consent, 1st, " that plaintiff has sustained no damage by the issuance or execution of said injunction, or from the filing of the bill in said case"; 2d, " covenants performed"; and, 3d, " accord and satisfaction." A trial was had, on issues joined, at the September term, 1854, and the jury returned a verdict for the plaintiff, assessing his damages at $939; and the court thereupon rendered judgment against the defendant, for the damages and costs of suit, to be levied of the goods and

chattels of his intestate.   At a subsequent day of the same
term, as appears from the bill of exceptions, the defendant
entered on the motion docket a motion in the following words:
"Motion will be made in this case to tax the plaintiff with
the costs of this suit, on the ground that the suit was for a
cause of action originating in the lifetime of the intestate,
and brought against his administrator since his death; and
there was no proof of presentation to, or demand of payment
of, the administrator before suit brought."   On the hearing
of this motion, the plaintiff in the judgment offered proof to
the court, to show that the claim sued on had been presented
to the administrator of the intestate's estate, before the suit
was brought, and that he had failed to pay the same; but the
court refused to hear this proof, and directed the costs of this
suit to be taxed against the plaintiff; and the previous judg-
ment was amended accordingly.   The plaintiff excepted to
this action of the court, and he now assigns it as error.

MORGAN & MARTIN, for the appellants:

1. It is an invariable rule, in all common-law proceedings,
that the costs follow the judgment, the judgment follows the
verdict, and the verdict follows the issues, to which it must
respond.   Here there was nothing, either in the issues or in
the verdict, that authorized a judgment against the plaintiff,
who had certainly made out his case.   The question of pre-
sentation, under the statute (Code, § 1887), is matter of de-
fence, so far as the costs are concerned, and should be pleaded,
like a tender, the statute of frauds, the statute of non-claim,
&c.; for that which affects the judgment for costs, which are
an inseparable incident to the judgment at law, is matter of
defence.

2. But, if the question of costs could be reached by motion,
the court certainly ought to have allowed the plaintiff to
prove that the claim had been duly presented.

3. The appellant only asks a correction of the judgment in
the matter of the taxation of costs, without a remandment of
the cause.—Yarborough v. Scott, 5 Ala. 221; Sellers v. Smith,
11 ib. 264; Smith v. Robinson, ib. 271.

ALEX. & JOHN WHITE, contra, contended,—

1. That, although a judgment, in ordinary actions at common law, carried the costs; yet, in a case like this, the statute requires the plaintiff, to entitle himself to costs, to make proof, on the trial of the cause, that his demand was presented to the administrator before suit brought; and that his failure to make this proof subjects him to the costs, as in case of witnesses who are summoned but not examined.

2. That the matter was properly brought to the attention of the court by motion, as in the analogous cases of motions to re-tax, to dismiss for want of security for costs, &c.

CHILTON, C. J.—The Code (§ 1887) declares, that, "in any action against an executor or administrator, commenced after the death of the testator or intestate, if the plaintiff fail to prove a presentation of the claim or demand, he must pay the cost of suit, although he may recover." Section 2375 declares, that " the successful party, in all civil actions, is entitled to full costs, for which judgment must be rendered, unless in cases otherwise directed by law." By the section first named, a fact is required to be proved, as an essential prerequisite to a judgment for the costs. Before whom must it be proved, and who is to determine whether it is proved,—the judge, or the jury? The statute is silent on this subject. We are satisfied that the jury should try the fact of presentation. It may often be a fact of more importance than the proof of many items of the demand, since it involves a greater loss to the party by so much as the costs exceed those items. It may be strongly contested, and the proof conflicting. Now it is against the course of the common law to make the judge the trier of facts, making his determination the predicate for a judgment, as would often happen, for large sums of money. The judge, unless otherwise directed by statute, decides the law, and the jury find the facts.

Again, this section was not designed to force upon the parties an issue, irrespective of their concessions by the pleadings, and thus to entail upon estates the superadded cost of witnesses to prove presentation of demands, when the fact of presentation was not controverted upon the trial.

The obvious design of the statute was, to prevent estates from being mulcted into costs, an account of demands which

Wallace v. Nelson, adm'r, &c.

would have been paid or arranged without such costs, had they been presented to the personal representatives of decedents. It was to save, not to superadd costs; and the statute being silent as to the mode in which the matter of presentation shall be tried, it is our duty to mould the practice so as to effect the end intended to be accomplished. The judgment must be predicated upon the verdict of the jury, which verdict, whether general or special, must ascertain sufficient matter of fact to enable the court to pronounce, as a conclusion of law, for whom and for what the judgment must be rendered. In this case, the verdict is general, and, by reference to the issues educed by the pleadings, involves no determination or finding upon the question of presentation.

If the administrator intended to raise a question of that sort, he should have presented it by a suggestion or plea in bar of the cost, upon the record, with his other pleas, so that the opposite party would have had an opportunity of proving that the claim or demand had been duly presented before the suit was instituted. If he merely wishes to controvert the claim or demand upon its merits, then he may omit such suggestion or plea, and save the estate, in the event it is cast in the suit, the expense of the witness or witnesses by whom such fact could have been established. Nothing of the kind was done in this case. The verdict and pleadings warranted the judgment for the damages found by the jury, which finding, under section 2375 of the Code, above referred to, entitles the successful party to full costs.

It results from what we have said, that the judgment for damages and costs was correctly entered upon the finding; that the court, upon motion, improperly set aside the judgment as to the costs and rendered it against the plaintiff; and that this last judgment must be here reversed, and the proper judgment, conforming to that originally entered, here rendered upon the verdict.