# Hensley *v.* Rose.

*Action on Attachment Bond.*

1. *Alteration of record ; admissibility of parol evidence.*—A record imports absolute verity, and, unless impeached for fraud, can not be varied or contradicted by parol evidence; yet, when a person offers in evidence a record which bears on its face the marks of alteration, or other suspicious appearances, he is required to explain and account for such alteration or suspicious appearance.

3. *Conclusiveness of officer's return on process.*—A sheriff's return on process is binding and conclusive on him and his sureties, and on persons asserting rights under it; and it is also *prima facie* evidence in his favor, though its falsity may be shown, in proceedings against him, by extrinsic evidence.

3. *Return of levy under attachment ; parol evidence as to.*—In an action on an attachment bond, to recover damages for the wrongful or vexatious suing out of the writ, the plaintiff may show by extrinsic evidence what property of his was seized under it and delivered to the plaintiff therein, by whom it was converted, although the return on the writ is silent as to such property, or has been altered so as to omit it. Such

[Hensley v. Rose.]

evidence does not contradict the record, but shows what the true record was and should be.

APPEAL from the Circuit Court of Lawrence.

Tried before the Hon. H. C. SPEAKE.

This action was brought by W. R. Hensley, against J. J. Rose and W. B. Irwin, but abated as to the latter, on his death pending the suit; and was founded on an attachment bond, executed by said Irwin as principal, and said Rose and another as his sureties. The attachment was sued out by said Irwin on the 5th October, 1880, on the ground that said Hensley, who had rented lands from him for the year 1880, had removed a part of the crop, without paying the amount alleged to be due for rent and advances. The defendant in attachment craved oyer of the affidavit, and pleaded in abatement on account of certain specified defects therein; which plea was sustained by the court, and the attachment quashed. On the trial of this suit on the bond, as the bill of exceptions shows, " the plaintiff introduced in evidence all the proceedings and papers in the attachment cause." The levy indorsed on the attachment was in these words : " Executed by levying on 250 bushels of corn, more or less, 300 lbs. cotton, *2 mules, 2 cast-plows, 2 B. T. stocks, 2 sweep-hoes, 1 side-harrow, 2 pr. gears, 2 bridles, and 2 whiffle-trees*;" but the bill of exceptions states that the italicized words and figures " had a line drawn across them in different ink." The plaintiff was introduced as a witness for himself, " and was asked by his counsel to state to the jury the articles levied on and taken from him under the attachment;" to which evidence the defendant objected, " because the return of the officer who levied the attachment was the best evidence of the fact." The court sustained the objection, and excluded the evidence; and the plaintiff excepted. The plaintiff proposed to read to the jury the entire levy indorsed on the attachment, including the italicized words; and he duly excepted to the ruling of the court excluding these words. " The plaintiff's attorneys then stated to the court, that they proposed to show that said erased items in the indorsed levy were taken from the plaintiff by the officer levying the attachment, under and by virtue of said attachment, and were delivered by said officer to the plaintiff in attachment, and were never restored to plaintiff after the attachment was quashed. The defendant objected to this evidence, and the court sustained the objection, without any explanation as to how said erasure was made; to which the plaintiff duly excepted." The officer who levied the attachment being introduced as a witness by the defendant, plaintiff proposed to prove by him, on cross-examination, " that said attachment, as originally issued, was directed against the *estate*

[Hensley v. Rose.]

of said W. R. Hensley (plaintiff), and that the word *estate* had been partly erased in two places in said attachment, after the levy of said attachment, and the word *crop* substituted in ink of a different color ; " and he duly excepted to the rejection and exclusion of this evidence proposed.   The plaintiff also asked said witness, on cross-examination, " what he levied on under said attachment," and " whether the marks drawn across the erased items of the levy, in his return of the levy, were drawn by him, and whether before or after he had signed the return ; " and he duly excepted to the refusal of the court to allow either of those questions to be asked or answered.

The several rulings of the court on the evidence, as above stated, are now assigned as error.

W. P. CHITWOOD, for appellant, cited *Martin v. King*, 72 Ala. 354 ; 1 Greenl. Ev. § 564.

CLOPTON, J.—The general rule is, that a record imports absolute verity, and, unless impeached for fraud, can not be varied or contradicted by parol evidence.   The return of a sheriff, when made, is conclusive and binding on him and his sureties, and on parties claiming or asserting rights under it. The purpose of the rule, as applied to official returns, is to prevent the uncertainty and confusion, in judicial proceedings, that would otherwise ensue; and it is most usually applied, when there is an attempt to invalidate the proceedings of the officer, or to defeat rights acquired under them.—*Clarke v. Gary*, 11 Ala. 98.

The return of a sheriff is *prima facie* evidence in his favor ; and its fallacy may be shown by extrinsic evidence, in proceedings against him.   A record procured by fraud or collusion, may be impeached by parol.—*Dunham v. Roberts*, 28 Ala. 285.   That records may be entitled to the credit of absolute verity, they should be honest, and the courts should be vigilant to preserve their sanctity.—*Thorne v. Travellers' Ins. Co.*, 80 Penn. St. 15.   In *Martin v. King*, 72 Ala. 354, it was said : " It is true, that if an instrument, or record, presents the appearance of having been altered, and any ground of suspicion is presented, either by an inspection of it, or by extrinsic evidence, the party proposing to offer it in evidence is required to remove the suspicion, by accounting for the alteration."

Records are open to inspection, and not only parties, but other persons, have access to them.   It would shock common justice, if, under these circumstances, a record is altered, and a party, having rights dependent upon its truth, is not permitted to show the alteration by extrinsic evidence.   When the return of an officer, or any record, has been altered or spoliated, by

[Hensley v. Rose.]

design or mistake, the most ample opportunity, and the widest scope of legitimate investigation, should be allowed for the detection of the fraud, or the discovery of the mistake. Without leave of the court, no officer or other person has any right to make any change in a record, or in any paper on the files of the court.

The evidence offered by the plaintiff was for the purpose of showing that a material alteration, apparent on the writ of attachment, and a material erasure of a part of the return of the sheriff, were made after the attachment was issued and levied, and after the return was made by the officer. The evidence was not offered to vary or contradict *the record*, but to show the real and genuine record.—*Hendricks v. Johnson*, 6 Por. 472. An altered record, bearing a suspicious appearance, does not import verity, but rather fallacy. The burden is on the party, claiming under it, to explain the alteration; and the party to whose prejudice it has been changed has the right to show the alteration, when the true and original record has been used to his wrong, and his adversary seeks to escape responsibility under cover of the altered record. The rule which excludes parol evidence, to vary or contradict a record, does not apply.

A defendant in attachment has no control over the return which the officer may make, and can not be prejudiced by his omission or neglect. The return is not conclusive as to any matters in respect to which it is silent. If a sheriff levies upon and seizes property, which he fails to mention in his return, the fact may be shown by extrinsic evidence, in a proceeding against the sheriff, in which the question of what property was actually levied on is involved. So, also, in an action on the bond, for wrongfully and vexatiously suing out an attachment, it is competent for the plaintiff in the action to show what property of his was seized by the sheriff by virtue of the writ, and by him delivered to the plaintiff in attachment, who had converted it to his own use, although the return of the sheriff is silent as to the property. If the alteration in the attachment, and the erasure in the return of the sheriff, were legally and properly made, it is competent for the plaintiff in this action to show, going to the amount of damage, the property taken from his possession under color of the writ, and which, by its delivery to, and conversion by the plaintiff in attachment, was lost to him. Such evidence tends to prove the wrongful and illegal use of the process by collusion between the sheriff and the party suing out the process.

Reversed and remanded.