# Epperson v. Rice.

*Application for a Writ of Prohibition.*

1. *Incompetency of probate judge; appointment of special judge.*— Where the probate judge was incompetent to try a case coming before him, and supposing that the register was also incompetent to make the appointment of the special judge by reason of relationship to the parties, the judge of probate, under the provisions of section 802 of the Code, certifies his incompetency to the circuit judge, who

[Epperson v. Rice.]

thereupon appoints a special judge in the cause, and afterwards the register's incompetency being doubtful, the judge of probate, within ample time certifies his incompetency to the register, who thereupon appoints as special judge the same person appointed by the circuit judge, who acted under both appointments, one of the other of these appointments being legal, the acts of the special judge will be referred to the legal appointment.

2. *Regularity of proceedings can not be raised on petition for prohibition.*—Questions attacking the regularity of the proceedings had before a special judge can not be raised on a petition for a writ of prohibition to prohibit the usurpation of power by a special judge; if the special judge acquired jurisdiction in the premises, the errors and irregularities, if any were committed by him, must be corrected by appeal or otherwise, and not by prohibiting the exercise of his jurisdiction.

APPEAL from the City Court of Decatur.

Tried before the Hon. W. H. SIMPSON.

The appellant, Joseph D. Epperson, filed a petition, addressed to the city court of Decatur, praying for a writ of prohibition, or other appropriate process, addressed to Green P. Rice, presiding as special judge of probate in the matter of a contested election for the office of treasurer of Morgan county, and commanding the said Rice to refrain from further assuming jurisdiction of said contest, restraining him from taking any steps in the said case, and from making any order, or rendering judgment therein. The facts of the case are sufficiently stated in the opinion.

The judge of the city court refused the prayer of the petition, and dismissed the same. This appeal is now prosecuted by the petitioner from said judgment, and the same is here assigned as error.

WIRT & SPEAKE and E. W. GODBEY, for appellant.

J. B. MOORE and ROULHAC & NATHAN, *contra.*—Unless the petition and facts of the case show that the appellee was a usurper, and had exceeded the jurisdiction of the judge of probate, the writ of prohibition was properly refused.—*Ex parte Greene*, 29 Ala. 52. A writ of prohibition can not be made to serve the purpose of a writ of *certiorari*, to correct mistakes of the court in passing upon any question of law or fact within its jurisdiction.—*Smith v. Whitney*, 116 U. S. 167 ; *Ex*

*parte Gordon*, 104 U. S. 515 ; *Ex parte Pennsylvania*, 109 U. S. 174.

HEAD, J.—There seems to us no merit in this appeal. It is not questioned that the probate judge was incompetent to try the proposed contest, by reason of relationship to one of the parties ; and the only question is whether Green P. Rice was lawfully appointed as special judge to try it. Section 802 of the Code provides, in such cases, that the judge of probate must certify his incompetency to the register in chancery of the county, or, if the register is incompetent, to the judge of the circuit or chancellor of the divison, and such register, judge or chancellor must, upon such certificate, appoint a disinterested person, practicing in the county, learned in the law, to act as special judge of probate ; and such special judge, in relation to such matter or proceeding, shall have the jurisdiction and authority, and discharge the duties, of judge of probate. And the orders and decrees made or rendered by him shall be entered on the records of the court, and shall have the force and effect, and shall be subject to revision on appeal, or by other revisory remedy, of orders and decrees of the court of probate, or of the judge thereof. It will be observed the provision applies as well to special proceedings before the probate judge, as such, as before the court of probate. In the present case, it was at first supposed that the register was also incompetent by reason of relationship, and the judge of probate certified his own incompetency to the circuit judge, who thereupon appointed Green P. Rice to sit as special judge in the cause. Afterwards, that proving to be an error, or the register's incompetency being doubtful, the judge of probate, within ample time, certified his own incompetency to the register, who thereupon appointed the same person—Green P. Rice—who acted under both appointments. Clearly, one or the other of these appointments was legal, and the acts of the special judge will be referred to the legal appointment. Questions touching the regularity of the proceeding can not properly be raised on petition for the writ of prohibition. That writ is to prohibit usurpation of power. The special judge having, by a lawful appointment, acquired jurisdiction in the premises, his

errors and irregularities, if any he committed, should be corrected in some other way, and not by prohibiting the exercise of his jurisdiction. The principle is so obvious, it is unnecssary to say more.

Affirmed.

BRICKELL, C. J., not sitting.