# Musgrove *et al. v.* Gray *et al.*

*Petition by Receivers to recover Possession of Property of Corporation.*

1. *Writ of assistance; when receivers not entitled thereto.*—The receivers of a corporation are not entitled to a summary writ of assistance to recover possession of property alleged to belong to the corporation from persons who were not parties to the pending cause in which the petitioners were appointed receivers and who, in good faith, deny the receivers' right to the possession, claiming said property under a contract with the corporation; and the fact that the said corporation had been dissolved does not affect the principle here announced.

2. *Same; when immaterial that petition is not sworn to.*—Where a petition filed by the receivers of a corporation asking for a writ of assistance, to recover the possession of the property of the corporation, and the answer of the respondent to the petition presents only a question of law as to the right of the petitioners to have issued the writ prayed, the fact that said petition and the answer thereto are not sworn to, is immaterial and will not prevent the determination of the issue presented; the petition and answer in such case being regarded as mere pleading.

APPEAL from the Chancery Court of Jefferson.

Heard before the Hon. JOHN C. CARMICHAEL.

On May 19, 1898, the stockholders of the Corona Coal & Coke Company filed their petition in the chancery court, asking the dissolution of said company as pro-

vided for under the statute; and on August 5, 1898, the chancellor rendered a decree dissolving said corporation. On September 12, 1898, one J. H. Bartlett was appointed receiver of the property and assets of the Corona Coal & Coke Co. On October 28, 1898, J. H. Bartlett, as receiver, filed a petition in which he averred the facts as above set out, and further averred that in obedience to the direction of the court appointing him such receiver, he had taken possession of all of the property of the Corona Coal & Coke Co., except certain real and personal property which was in the possession of Musgrove Brothers, who refused to deliver the same on demand.

The petition prayed for the issuance of a writ of assistance, in order to put him in possession of said property so held by Musgrove Brothers. After the amendment of this petition, the respondents filed an answer thereto, in which they admitted that they were in possession of the certain designated properties, and had refused to deliver the same to J. H. Bartlett, and averred that they held the same under and by virtue of a valid contract with the Corona Coal & Coke Co., which was made with said company prior to its dissolution, and that their right of possession to said property had not expired.

Upon the hearing of the cause, the chancellor rendered a decree ordering the issuance of the writ of assistance as prayed for. There was a petition for a re-hearing, and while this was pending, J. H. Bartlett was removed as receiver of the Corona Coal & Coke Company, and H. B. Gray and T. C. Culverhouse were appointed in his stead. Gray and Culverhouse, as receivers, filed their petition, praying that they be substituted for J. H. Bartlett, and that the writ of assistance theretofore prayed for might issue in their favor. On the hearing of this petition, the chancellor rendered a decree ordering the issuance of the writ of assistance. From this decree the respondents appeal, and assign the rendition thereof as error.

ALEX T. LONDON and JOHN LONDON, for appellants. It is a settled rule that if property is in the possession of a third person, who claims title or right of possession of it, the receiver must bring a suit to recover the prop-

erty or the complainant must make such third person a party to his suit, and have the receivership extended over this property.—*Parker v. Browning*, 8 Paige 388; High on Receivers, § 145; Gluck & Becker on Receivers, § 60; 20 Amer. & Eng. Encyc. of Law, 134.

It is alleged that by the dissolution of the corporation the contract under which these appellants claim possession, was abrogated, and the right of appellees is rested solely upon this proposition. In *Nelson v. Hubbard,* 96 Ala. 247, the Supreme Court, passing upon the effect of the voluntary dissolution of a corporation, says: "This statute does not purport to undo the valid acts of the corporation, while it was in existence, to disturb its previous disposition of property or to impair the obligation of contracts entered into by it."

JAMES J. GARRETT, *contra.*

McCLELLAN, C. J.—This is a petition filed by receivers praying a writ of assistance to recover possession of certain real and personal property alleged to belong to the corporation of which petitioners are receivers against Musgrove Brothers, who are not parties to the case, but are in possession of the property. The petitioners base their right to relief upon the theory that when, as in this case, a corporation is voluntarily dissolved under the statute, contracts under which third parties hold its property are annulled and avoided, and that therefore the contract of this corporation under which Musgrove Brothers hold this property and under which they allege they have the right to continue to hold it for a term yet to run ceased to confer any such right upon them the instant the corporation was dissolved. This cannot be the law in respect to all contracts. For instance, if Musgrove Brothers held this property under a lease for a term extending into the future, the dissolution would not affect their rights under it. Nor would such a state of facts present any obstacle to the winding up of the affairs of the corporation within the statutory period, as is suggested by counsel, for the property could, of course, be sold or even divided among stockholders sub-

[Musgrove *et al. v.* Gray *et al.*]

ject to the leasehold interest. And for aught that appears to the contrary, Musgrove Brothers may have such a lease, or other contract entitling them to the possession notwithstanding the dissolution. So it is that the fact of dissolution is of no importance here, and the title to the relief prayed must be determined without regard to it, and upon the general principles which obtain in ordinary cases where the receiver seeks to recover possession of property in the hands of one not a party to the suit. Those principles do not, in our opinion, authorize this summary remedy by petition and writ of assistance under the circumstances disclosed here. The party in possession who asserts in good faith, color and claim of right is entitled, under the guaranty of due process of law, to his day in court and a trial according to the customary forms of law. We attach no importance to the fact that the petition is sworn to and the answer is not. The real issue being one of law, the petition is to be regarded as mere pleading, as is also the answer. And we do not find that the answer justifies a conclusion that the respondents do not in good faith assert a right to the continued possession of the property. To the contrary, the case presents an effort of the receivers to recover possession of property from persons who are not parties to the cause and who in good faith deny the receivers' right to the possession, by a summary writ. The writ should not have been awarded. The receivers should be put to their action.—Beach on Receivers, § 216; *Parker v. Browning,* 8 Paige 388; 20 Am. & Eng. Encyc. Law, 134.

The order awarding the writ of assistance is reversed and annulled, and an order will be here entered denying the writ and dismissing the petition.

Reversed and rendered.