(117 So. 178)

### Ex parte WADSWORTH et al. (6 Div. 87.)

Supreme Court of Alabama. May 24, 1928.

1. **Executors and administrators** ⊂⊃473, 474(1) —Special administrator held not entitled to removal of administration into circuit court in equity, having right to sue in law or equity to recover assets (Code 1923, §§ 5748, 6478).

Special administrator ad colligendum appointed under Code 1923, § 5748, *held* not entitled to have administration of estate removed to circuit court in equity by statutory petition, under section 6478, which permits administrators or administrators with the will annexed to petition for such removal; removal not being essential, in view of power of special administration to maintain suits at law and in equity to recover assets of estate.

2. **Executors and administrators** ⊂⊃85(1)— Summary proceedings to hold relatives of deceased in contempt for withholding assets of estate and to require delivery thereof to special administrator held void; remedy being by action (Code 1923, § 5748).

Remedy of special administrator appointed under Code 1923, § 5748, to reduce assets of estate to possession, was by appropriate action at law or in equity, and summary proceedings by special administrator, requiring relatives of deceased to show cause why they should not be held in contempt for interfering with ad-

ministrator, and withholding estate's property, and summary order requiring delivery of property withheld to the administrator, were without jurisdiction and wholly void.

3. **Executors and administrators** ⊜≈85(1)—**Removal of administration to equity does not of itself warrant contempt proceedings against persons in possession of estate's property (Code 1923, § 6478).**

Removal of administration to circuit court in equity, under Code 1923, § 6478, does not per se place all the assets of the estate in custodia legis, so as to hold persons possessing the assets in contempt, even though their claim may be unfounded.

Original petition of Maud Wadsworth and others for mandamus, or other writ, to Hon. William M. Walker, as Judge of the Tenth Judicial Circuit. Mandamus granted.

Charles W. Greer, of Birmingham, for appellants.

The chancery court has no jurisdiction to remove the administration of an estate from the probate court to the chancery court upon the petition of a special administrator. Nor has such court jurisdiction to determine the right of property as between parties, one of whom is not before the court for any purpose, or to punish for contempt one who refuses to obey the order of a special administrator. The proper remedy for the special administrator was by suit in detinue or trover, in which the right of trial by jury would exist.

Altman & Koenig, of Birmingham, for appellee.

The administration may be removed at the instance of the special administrator. Code 1923, §§ 5748, 5749, 6478; S. & N. Ala. R. Co. v. Henlein, 52 Ala. 622, 23 Am. Rep. 578. The jurisdiction of the court having been once established, it existed for all necessary purposes, and it was not necessary for the administrator to institute suits in detinue or trover.

BOULDIN, J. This is an original petition in this court for mandamus, prohibition, or other appropriate remedial writ, directed to Hon. William M. Walker, judge of the Tenth judicial circuit, to vacate certain orders entered in the matter of the administration of the estate of Ella Sims, deceased, and to restrain him from further proceedings of like kind.

Briefly stated the case made by the record is this: S. B. Sims was duly appointed by the probate court of Jefferson county and qualified as special administrator of the estate of Ella Sims, deceased. Code, § 5784.

The special administrator filed his sworn petition for removal of the administration to the circuit court in equity. Code, § 6478. An order of removal was entered. The special administrator then filed his petition in the equity court, setting up that the estate of decedent included certain household goods, wearing apparel, and jewelry, and a residence occupied by decedent and petitioner, her husband; that the nonresident sisters and a niece of decedent had taken possession of the residence and personalty of decedent, had excluded petitioner from the home, and refused on demand to surrender the personalty to him as special administrator, or the real estate to the surviving husband and special administrator. The petition further averred the continued withholding and use of the personalty would result in waste and destruction of the estate.

The petition prayed that a rule nisi issue to said respondents requiring them to show cause why they should not be held for contempt of court for "unlawful interference with the administrator"; "unlawful and wrongful withholding from the special administrator of the personal property of said estate"; "unlawful conversion of the personal property"; "unlawful trespass upon the real estate"; show cause why they should not forthwith produce and deliver the personalty in their possession, and vacate the premises; that the court make an order requiring delivery of the personalty and vacation of the premises, punishing respondents for contempt, and prohibiting further interference with the special administrator. The rule nisi was issued as prayed, returnable upon the following day.

Respondents filed a motion to strike the petition on numerous grounds going to the jurisdiction of the court. The same questions were presented by demurrer; motion and demurrer being overruled. An answer was filed, in form a general denial.

The matter being heard upon petition, answer, and oral testimony, the court decreed that respondents are in possession and wrongfully withholding "certain personal property" of the estate, and ordering them to deliver to the special administrator all the personalty of the estate that may be in their respective possessions or control. All other matters were reserved.

At this stage the petition for mandamus or prohibition was filed in this court by respondents in the court below. They allege they hold possession under a bona fide claim of title to the personalty or an interest therein, and desire to contest the title and claim of the special administrator; that the entire proceedings complained of are void. Demurrer and answer is filed by Judge Walker in response to the rule nisi issued from this court.

[1] The first question presented in brief is the power of a "special administrator ad colligendum," appointed under section 5748, to remove the administration of the estate

into a court of equity by statutory petition under section 6478. We have reached the conclusion that he cannot. As to removal by an administrator, this statute modifies the common-law jurisdiction of courts of equity. The persons named may effect a removal without assigning any special equity, and upon a sworn petition that in the opinion of the petitioner such estate can be better administered in the equity court. Neither the court nor any or even all other parties interested have any voice on the question of the propriety of such removal.

An "administrator or administrator with the will annexed" is among those named as empowered to effect such removal. As generally used in statutes "administrator" means the administrator in chief; the one on whom rests the responsibility of administering the estate for the benefit of parties interested in the order of priority, creditors first, then those entitled to take by descent. An "administrator with the will annexed" has the same duties, save that the beneficiaries take by will. The express inclusion of this class rather suggests the exclusion of a special administrator of limited duties, and usually for a temporary purpose.

Under our statute the special administrator has all powers of an administrator in chief in maintaining suits at law or in equity to reduce the assets to possession to discover same, and to conserve them to be turned over to the executor or administrator when appointed. A removal of the administration is not essential to that purpose. If a case of special equity arises wherein a removal becomes necessary pending the special administration, the general equity powers in such cases may be invoked.

We hold the statutory petition filed by the special administrator did not warrant the order of removal. We need not here determine the effect of an order so entered as regards after proceedings, whether it is wholly void or merely voidable.

[2] Coming to the second question, the validity vel non of the proceedings by way of contempt, etc., we are clear to the conclusion they were without jurisdiction and wholly void. The remedy to reduce assets of an estate to the possession of an administrator, either special or in chief, is by appropriate action at law or in equity, remedies wherein all parties have due process of law, the same remedies the decedent would have if living.

The petition filed below seems to have a double aspect. First, a charge of contempt of court in withholding assets from the special administrator after demand. The summary proceeding to bring the parties into court on one day's notice is founded upon this allegation. Second, it seeks an order requiring the parties to turn over the alleged

assets to the administrator. This involves an adjudication that the assets belong to the estate, and that respondents are wrongfully withholding them. That issues of this sort cannot be litigated in summary proceedings of this kind seems too obvious for discussion.

[3] Removal of an administration does not per se place in custodia legis all the assets of the estate, so as to hold in contempt all persons who have possession of same, however unfounded their claim thereto. Cases of contempt for interfering with the possession of a receiver already acquired and held by him as an officer, an agent sometimes called the hand of the court, are not in point. The distinction is obvious.

On advice of this opinion, the respondent will vacate the order of removal, strike the petition in the contempt proceedings, and vacate all orders made thereon.

Mandamus granted.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.