(126 So. 102)

## Ex parte WILKINSON. (6 Div. 470.)

Supreme Court of Alabama. Nov. 21, 1929.

Rehearing Granted Jan. 28, 1930.

530

See also Bell v. Goodwin, post, p. 537, 126 So. 108.

Horace C. Wilkinson, of Birmingham, pro se.

532

A. Leo Oberdorfer and O. D. Street & Son, all of Birmingham, for appellee.

BOULDIN, J. ■ The writ of prohibition is supervisory in character—one employed to effectuate the supervisory power vested in this court by the Constitution over inferior jurisdictions. Const. 1901, § 140. It is not granted except for usurpation or abuse of power.

■ Usurpation involves the attempted exercise of power not possessed by the inferior officer, or what is the same thing, going beyond or exceeding the power vested in him.

■ If the proceeding sought to be prohibited is not within itself a usurpation or abuse of power, the writ will not issue on a mere

assumption that abuse may intervene in course of the proceeding.

If abused in fact, the more appropriate writ is one to review and supervise such action when made to appear. Ex parte Johnson, 203 Ala. 579, 84 So. 803; Goodwin v. McConnell, 187 Ala. 431, 65 So. 788; Ex parte Hamilton, 51 Ala. 62; Epperson v. Rice, 102 Ala. 668, 15 So. 434.

The petition for writ of prohibition to prevent hearing and considering a contempt proceeding arising from alleged interference with the possession of a receiver, so far as it challenges the appointment of the receiver, is a collateral attack. The regularity or propriety of his appointment is not involved. To question his appointment collaterally, it must appear the order appointing him was void, a nullity.

The question of first moment is whether the bill in equity confers jurisdiction of the res, the policies of insurance, the subject-matter of the receivership.

Where the husband and father insures his life for the benefit of his wife and children and pays the premiums thereon, upon his death the proceeds are exempt from the payment of the debts of his estate, if the annual premiums do not exceed $1,000; "or if such premiums exceed one thousand dollars, then to the extent of the insurance which an annual premium of one thousand dollars would purchase as an ordinary life policy in a standard life insurance company." Code 1923, § 8277.

The surplus, if any, is subject to the payment of the debts of decedent. Policies payable to the estate of the insured and passing to wife and children by way of voluntary gift are subject to the law of fraudulent conveyances, and the proceeds subject to pre-existing debts of the husband free from the statutory exemption.

In either event, if the estate of the decedent is otherwise insolvent, a creditor's bill is the proper remedy to reach and subject such fund as equitable assets in so far as claims of creditors are concerned. Kimball v. Cunningham Hdwe. Co., 197 Ala. 631, 73 So. 323; Kimball v. Cunningham Hdwe. Co., 192 Ala. 223, 68 So. 309; Fearn v. Ward, 80 Ala. 555, 2 So. 114; Pope v. Carter, 210 Ala. 533, 98 So. 726.

The general equity of the bill here involved, giving the court jurisdiction of the res, the policies of insurance on the life of A. W. Bell, deceased, is manifest.

The ground on which the jurisdiction is challenged and most stressed in argument is that complainant, A. C. Goodwin & Co., is not shown to be a creditor of the estate of decedent. The basis of this attack is that the claim is not alleged to have been presented to the administrator before suit filed.

Passing by all question as to revivor of the suit at law begun during decedent's life, it is sufficient to say the suit in equity wherein jurisdiction is challenged is one for the collection of such indebtedness. The administrator, as he should be, is made a party to the suit. The existence of such debt is one of the primary issues to be adjudicated. The record shows the bill was filed within twelve months after grant of administration.

From our early decisions until now, it has been settled that bringing suit upon a demand before the statute of nonclaim has perfected a bar suspends the running of the statute. If such suit is duly prosecuted, no further presentation is required. Hunley v. Shuford, 11 Ala. 203; McDougald v. Dawson, 30 Ala. 553; Malone v. Hundley, 52 Ala. 147; Weller & Sons v. Rensford, 185 Ala. 333, 64 So. 366.

This is not a case of merely filing a claim in a chancery court or other court, but of a suit on the claim.

The rule above stated has been long recognized by statute providing for taxing plaintiff with any unnecessary costs incurred. Costs which would have been avoided by presentment and payment. Code 1923, § 5820.

As to construction of this statute and proceedings thereunder, see Mitchell v. Lea, 57 Ala. 46; Wallace v. Nelson, 28 Ala. 282.

Whether the bill is subject to demurrer upon other grounds, we need not decide.

The averments of the bill support the decree removing the administration of the estate to the court of equity. Kimball v. Cunningham Hdwe. Co., supra.

This is not to say the equity of the bill and appointment of the receiver depends on averments calling for such removal. A creditor's bill to reach property conveyed in fraud of creditors of a decedent, equitable assets subject to claims of creditors, but not to claims of heirs or distributees, is not dependent on a removal of the administration to the court of equity.

Having acquired jurisdiction of the res, whether it should be taken into the custody of the court pendente lite through a receiver was a question of propriety, not of jurisdiction.

Petitioner's clients, under the averments of the bill, hold the potential fund subject to a trust imposed by law. Should such property remain in the hands of trustees in invitum, antagonistic to the claims of complainant and other creditors in like position, or does preventive justice demand that the court conserve the fund through a trustee of its own appointment? This was for the determination of the lower court, subject to review by this court on appeal, not on collateral attack.

Jurisdiction of the proceeding for contempt is further challenged on the ground that petitioner is not a party to the suit wherein the receiver was appointed. Courts do not favor summary proceedings to place a receiver in possession against third persons holding possession under bona fide claim of title in themselves.

In such event, two methods of procedure are favored. If the party is entitled to trial by jury to test his title and right of possession, the court will leave the receiver to his action at law, and make the necessary order to that end. If his claim is equitable in character, the court will require the complainant to make him a party to the suit, thus bringing him and his claim within the jurisdiction of the court. This is a prompt and easy method. It removes all doubt as to the right to deal with the party by summary proceedings, if need be. This practice has been approved by this court, and we now commend it. Musgrove v. Gray, 123 Ala. 367, 26 So. 643, 82 Am. St. Rep. 124; Steele v. Walker, 115 Ala. 485, 21 So. 942, 67 Am. St. Rep. 62.

But the court having jurisdiction of the res, a receiver appointed to take it into possession as the agent of the court has the right to do so. There are cases wherein an order is made in general terms to take into possession all the property of a respondent. If the receiver goes out and takes possession of other persons' property, he may be left to take the consequences. But if the order directs him to take possession of specific property identified in the decree, he has the right to take possession peaceably no matter in whose hands it is found. His demand of possession is the demand of the court.

The appointment is not a nullity as to third person, not parties to the suit. Steele v. Walker, supra.

From this status, it results, and is generally declared, that not all persons who may have possession of the res, or some part of it, must be made parties in order to subject them to summary proceedings to obtain possession.

Agents or other persons holding for and under parties to the suit should promptly surrender the property to the receiver on demand after knowledge of his appointment.

Petitioner holds possession of the insurance policies as attorney for parties to the suit, and claims a lien on same for attorney's fees incurred by them before the receivership.

Without any discussion of the question of lien vel non under the facts averred, we are of opinion it does not in any way affect the right of this receiver to possession.

A right of possession as against his clients does not give petitioner a right of possession against third persons, nor against a receiver appointed to conserve their rights. As against the receiver, his right of possession is no higher than that of his clients. He can assert no right except in their right. The receivership in no way affects his lien. It may be asserted in due course in the receivership case. Neither our attorney's lien statute, nor the common-law lien of an attorney, must be construed to destroy or hamper the remedial powers of a court of equity in the protection of all parties in interest.

Under the facts averred by petitioner, this receiver is entitled to possession of these policies. We would make this plain.

It follows we find no such usurpation or abuse of power in the summary proceedings seeking to obtain such possession as would warrant a writ of prohibition. 23 R. C. L. p. 61, § 67; High on Receivers, § 144; Tinsley v. Anderson, 171 U. S. 101, 18 S. Ct. 805, 43 L. Ed. 91, 97; note 47 L. R. A. (N. S.) 746, 754; Miles v. New South Building & Loan Ass'n (C. C.) 95 F. 919.

The appeal from the decree appointing the receiver, without supersedeas, did not suspend the power of the court to conserve the property through its receiver, taking steps to that end the same as if no appeal was taken. Petchey v. Allendale Land Co., 216 Ala. 167, 112 So. 818.

Writ denied.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.

## On Rehearing.

FOSTER, J. The statement in the original opinion of the court in this case, in substance, that agents and others holding for and under parties to the suit should surrender the property to a receiver on demand after knowledge of his appointment, is certainly well sustained. It is also well understood as stated in Musgrove v. Gray, 123 Ala. 376, 26 So. 643, 82 Am. St. Rep. 124, in effect that a summary remedy in favor of a receiver for assistance to recover property does not extend to persons not parties to the suit who are in possession and in good faith deny the receiver's right to the possession by reason of an adverse claim made by them. Ex parte Wadsworth, 217 Ala. 567, 117 So. 178. Neither proposition is controverted by any one. We have here a combination of those two principles as applicable to one person, that is, an agent or attorney of a party to the suit, but who is in possession of the papers constituting the evidence of the debt which is the res of the controversy, but who asserts a lien on it and to that extent has an adverse claim and in good faith denies the receiver's right to the possession.

In the original opinion controlling effect was given to the fact that if the two situations be united in one person, the former principle would control, and the latter would yield to it, and be lost in its effect. This was upon the idea that the agent was still such and stood for and instead of the principal, though he had an interest which he had acquired from his principal. But is that correct? Has not the agent in possession with an asserted lien, though derived from the principal, but prior to the receivership, an adverse claim with the right to protection as a party to the suit? Does the mere fact that the contract, from which such adverse claim is created by law, also fixes the relation of attorney and client, deny the adverse claimant protection as such? These questions must be analyzed to arrive at the correct conclusion. Such adverse claimant under the circumstances is in a dual relation to the cause, one as agent of the principal, and the other as one personally interested. If he had no personal adverse interest, the answer would be simple. But if he has such interest, he should have the privilege of protecting it. His client cannot destroy or impair his rights, though the amount of the fee is contingent. Alabama Fuel, etc., Co. v. Denson, 208 Ala. 337, 94 So. 311. His lien is enforceable in equity. Owens v. Bolt, 218 Ala. 344, 118 So. 590.

It is said that a "receiver merely stands in the place of, and has no greater rights than, the party over whose property he has been appointed receiver." 23 R. C. L. p. 61. The client himself could not obtain his policy of insurance from his attorney contrary to the lien rights of the attorney. Section 6262, Code; Hale v. Tyson, 202 Ala. 107, 79 So. 499. Then can a receiver do so, summarily? Though there is conflict in the authorities on the question, the view is well sustained that when officers of a corporation in receivership assert an adverse claim to property in their possession, they cannot, by summary proceedings, be required to deliver it to the receiver, unless they are made parties. Ex parte Hollis, 59 Cal. 405; State v. Ball, 5 Wash. 387, 31 P. 975, 34 Am. St. Rep. 866; 23 R. C. L. p. 62; State ex rel. Parsons Min. Co. v. McClure, 17 N. M. 694, 133 P. 1063, 47 L. R. A. (N. S.) 751, Ann. Cas. 1915B, 1110. The same is true as to stockholders of a corporation under such circumstances. Havemeyer v. Superior Court, 84 Cal. 327, 24 P. 131, 10 L. R. A. 627, 18 Am. St. Rep. 192. It is well known that the fact that the adverse claimant derives his claim from the party to the suit does not affect the question. Musgrove v. Gray, supra.

The rule in equity is "that all persons who are interested, legally or beneficially, in the subject-matter of the suit, whose rights or interests are affected, or sought to be concluded by the decree, are necessary parties to the bill" (Perkins v. Brierfield, 77 Ala. 403), and that in a suit to foreclose a mortgage a subsequent incumbrancer is a proper but not an indispensable party (Cullum v. Batre, 2 Ala. 415; Lyon v. Powell, 78 Ala. 351; Bolling v. Pace, 99 Ala. 607, 12 So. 796), unless his rights are to be affected, and then he must be made a party (Thomas v. Barnes, 219 Ala. 652, 123 So. 18).

If the property in question is in the peaceable possession of a second mortgagee, in a suit to foreclose the first and for the appointment of a receiver, it would seem logical that the court ought not in a summary manner to take it from the possession of the second mortgagee and put it in the possession of the receiver without making the second mortgagee a party. The same doctrine should ordinarily apply in such a suit to any adverse lienee in possession, including a common-law mechanic's lien or that of a bailee, or a person with a lien expressed in any nature of contract though subordinate to, but dependent upon, the title of respondent and subsisting at the time of the institution of the suit. Such person in possession with a lien, though it may be an inferior one, may have the right to redeem the prior claim, or contest the amount or even the existence of it. If the property is not in his possession, he is not a necessary party in a receivership suit, though in such event he has the privilege of an intervention on a proper showing as declared by statute and on general equitable principles. Section 9485, Code; Awbrey v. Estes, 216 Ala. 66, 112 So. 529.

The mere fact that he is also the agent or attorney of a party ought not to deprive him of his nature as a lienholder any more than would be so if he were an officer of a corporation having an individual claim. Being such, his possession is not only that of his client, but for his own interest as well. If it were only that of his client, he should deliver the property to the receiver. But he has a claim which is adverse to the complainant's and, to a certain extent, adverse to his client, though dependent upon his client's title. The client may allow the matter to go by default, or he may collude with complainant against the claim of his attorney.

It may be said that this argument applies to any nature of litigation in which an attorney has a lien, and that the orderly method of protecting his lien is by an intervention, and then only when the facts require his presence in court as a party to protect himself. Such is true, but in such cases no effort is made to extract from his possession property to which his lien extends, as is the situation in the instant case. Though complainants claim that their rights are superior to those of the client, so that the contract between client and attorney would be subordinate to it, there is none

the less reason that the attorney in possession should be made a party to enable him to contest that claim for his own benefit as well as that of his client, or that he be allowed to redeem it, if such right exists. Still it would not be necessary to make him a party unless there is an effort to take out of his possession that on which he claims a lien.

Our judgment is that this result does not conflict with any authority cited in the original opinion. In Steele v. Walker, 115 Ala. 485, 21 So. 942, 67 Am. St. Rep. 62, it is stated that if the subject of the receivership be in possession of any stranger to the suit, the court should have ordered an amendment making him a party. While the attorney here is not a stranger in the sense that he is only an attorney or agent, he is a stranger in the sense that he asserts a lien in his own right, though it may grow out of contract with his client. Any such contractual claimant is a stranger in the sense here involved. So, we repeat, if he were merely an agent or attorney for his client, he should surrender the property to the receiver, but he, as a lien claimant, not a party to the suit, is not bound to do so. If he is not on that or any other account bound to do so, the duty ceases and a summary proceeding is without the jurisdiction of the court. Ex parte Wadsworth, supra.

For the reasons here stated, it is our judgment that the rehearing should be and is granted, and that the writ of prohibition is ordered to issue as prayed for.

ANDERSON, C. J., and GARDNER, THOMAS, and BROWN, JJ., concur.

SAYRE and BOULDIN, JJ., dissent.

BOULDIN, J. (dissenting). In the companion case of Clemmie Bell et al. v. A. C. Goodwin & Co. et als., 126 So. 108,[1] on appeal from the decree appointing the receiver we have decided the receiver was properly appointed.

On rehearing reliance is had on Herstein v. Walker, 85 Ala. 37, 4 So. 262, as authority that in a suit in equity to reach property fraudulently conveyed by a decedent, it must appear the claim of the creditor was duly presented to the personal representative of the decedent. In that case it does not appear the personal representative of decedent was a party to the suit; hence, it was not a suit against the estate.

In the later case of Freeman v. Pullen, 119 Ala. 235, 24 So. 57, wherein the administrator of deceased debtor was a party, the same rule is applied to suits in equity of this character as in suits at law. In principle there can be no distinction.

Probably our decision would have been a bit clearer if, instead of speaking of the policies of insurance as the res, we had noted that the subject-matter of the receivership consists in choses in action, debts due from the several insurance companies of which the policies are the evidences.

Petitioner misconceives the import of "claiming adversely" as applied to the case.

A receiver represents the title held·by any party and all parties to the suit as set forth in the bill. This is obvious from the nature and purpose of a receivership. Cases speaking of his title as the same as respondent's refer to cases wherein the bill calls for a receiver of respondent's property, as in case of an insolvent corporation.

The receiver, therefore, is entitled to possession against any person who does not claim title or interest which entitles him to possession as against all the parties to the suit. In other words, taking the averments of the bill as true, and taking the claim of the party in possession as bona fide, does the claim he asserts entitle him to retain possession as against the receiver?

Here Judge Wilkinson admittedly holds the possession of these evidences of debt as attorney for one or more of the claimants of an interest therein. All those entitled to share in the fund are before the court. His claim is against the share of his client when ascertained. It can·be ascertained only in the receivership case. Until then there is no need for him to present his claim; hence we repeat the receiver is entitled to possession of these policies, taking all petitioner claims as true.

We would regard it a bad policy, a source of much embarrassment to members of the bar and the courts, if attorneys who happen to have a lien on their client's papers must be made parties to every litigation of this character. The well-established practice is for the rights of litigants to be adjudicated on their merits, and then the courts see to it that attorneys are taken care of upon bringing same to the attention of the court on petition of parties already before the court, or by special intervention of the attorney, if need be.

Ex parte Wadsworth, 217 Ala. 567, 117 So. 178, is so obviously not in point as to call for no comment.

SAYRE, J., concurs in the foregoing dissenting opinion.

---

[1] Post, p. 537.