(126 So. 108)

**BELL et al. v. GOODWIN et al.**   (6 Div. 481.)

Supreme Court of Alabama.   Nov. 21, 1929.

Rehearing Denied Jan. 28, 1930.

See also Ex parte Wilkinson, ante, p. 529, 126 So. 102.

W. B. Harrison, of Birmingham, for appellants.

Street, Bradford & Street, of Guntersville, and A. Leo Oberdorfer, of Birmingham, for appellees.

BOULDIN, J.   In Ex parte Horace C. Wilkinson, 126 So. 102[1] submitted, considered, and decided in connection with this cause, we dealt with the question of jurisdiction and the validity of the order appointing the receiver on collateral attack.

This is an appeal from the decree appointing the receiver, and involves the propriety of such appointment.

Errors are assigned only on behalf of Mrs. Clemmie L. Bell and Louise Snow Bell, wife and daughter of A. W. Bell, deceased.

We need consider only questions of concern to them as respondents in the cause.

Some questions urged on this appeal were decided in Ex parte Horace C. Wilkinson, supra.   What was there said, so far as in point here, will suffice.

The prime question now is: Does the record disclose a necessity for the receivership as the term necessity is used in such connection?

---

[1] Ante, p. 529.

The suit wherein the receiver was appointed is a general creditors' bill on behalf of creditors of the estate of Dr. A. W. Bell, deceased, alleged by sworn bill to be insolvent.

The subject-matter of the receivership consists of numerous insurance policies issued upon the life of Dr. Bell, not yet collected from the insurers.

The bill, aided by the answer to interrogatories calling for discovery, discloses and describes twelve policies, aggregating $210,500. Two other policies are disclosed by the answer, but the amounts thereof and to whom payable are unknown.

Several policies antedate the indebtedness due complainant; others aggregating $170,-500 are shown to have been issued after such indebtedness was incurred.

In some the wife of the insured, his daughters, or all of them, are named as beneficiaries. Others have been made payable to them by change of beneficiary pursuant to the terms of the policies, so that, on the face of the policies, they are now all so payable, save one policy of $10,000, which appears to be payable to the estate of the insured, and the two others whose amounts and to whom payable are alleged to be unknown. The names of the insurers, however, are disclosed.

Appellants challenge the appointment of the receiver for want of averment that they are insolvent or unable or unwilling to account for the proceeds of these policies so far as found subject to the claims of creditors.

This court, discountenancing all unnecessary receiverships, has, in a long line of cases, declared that in ordinary cases seeking to subject property to the payment of debts of the grantor because of fraud, an averment of insolvency or inability of the grantee to respond to any demand decreed against him is essential. Typical of these cases, we cite: Moritz & Weil v. Miller Schram & Co., 87 Ala. 331, 6 So. 269; Lehman-Durr Co. v. Griel Bros. Co., 119 Ala. 262, 24 So. 49; Warren & Co. v. Pitts, 114 Ala. 65, 21 So. 494; Meyer v. Thomas, 131 Ala. 111, 30 So. 89; Gilreath v. Union Bank & Trust Co., 121 Ala. 204, 25 So. 581; Petchey v. Allendale Land Co., 216 Ala. 167, 112 So. 818.

The authority of these cases is not to be questioned. Are they applicable to this case?

The final test is: Considering the whole case, does there appear a necessity for a receiver to protect the parties applying therefor against irreparable loss? Does the judicial mind, after weighing all the considerations for and against a receivership, conclude that the protection of the parties calls for the placing of the subject-matter in the custody and control of the court through a receiver? Is that the prudent and wise course?

With such thought in mind, we proceed to consider the situation here involved.

The subject-matter consists of insurance policies. They are yet to be collected. Should the funds they represent be intercepted and themselves appropriated where they belong, or should they pass into the hands of fraudulent grantees, to be recovered again by personal decree against them?

There are numerous claimants to these funds or some portion thereof:

First, the exemptions due the wife and daughters under Code 1923, § 8277. All parties agree they are entitled to same; but the amount thereof and out of what policies they shall be paid is to be worked out with due regard to all other equities in the case as they may appear.

Second, the claim of Mrs. Bell to part of the fund as security for indebtedness due from the estate to her.

Third, the claim of Woodlawn Building & Loan Association to two policies of $50,000 each, wherein it was first named as beneficiary; the one being later changed to the wife, and the other to the wife and daughters.

Fourth, the claims of creditors of the insolvent estate of the insured, on whose application the receiver was appointed.

Fifth, the claim of Woodlawn Savings Bank whose affairs are in the hands of C. E. Thomas, superintendent of banks, as liquidating agent under the banking laws of Alabama. This claim consists of an alleged lien on the policies for $7,500 for money of the bank converted by A. W. Bell, president, and used in payment of premiums on the policies. The bank is also claimed to be a creditor of the estate of the insured to the amount of some $200,000. As to this no higher right is asserted than that of complainants and other creditors.

One matter vital to all concerned is the collection of these policies. The pendency of this suit to which the insurers are parties and containing manifest equity, receiver or no receiver, furnishes an all sufficient reason to decline payment other than as decreed herein. No one can give an acquittance except by order of the Court.

In the answer of these appellants, as well as that of the superintendent of banks, it is shown the policies, save the two absent ones, are in the possession of the superintendent of banks, and further shown to be in the physical possession of Horace C. Wilkinson, his agent. The superintendent recognizes the necessity for a receiver by making application for appointment of himself as receiver.

■■ The administrator, as such, could not sue upon these policies. Payable not to the estate of the insured, but to beneficiaries named by him, they are not assets save at the suit of and for the benefit of creditors. Davis v. Stovall, 185 Ala. 173, 64 So. 586; McClarin v. Anderson, 109 Ala. 571, 19 So. 982; Davis v. Swanson, 54 Ala. 277, 25 Am. Rep. 678.

The multiplicity of suits, the probable interpleaders, the delay, expense, and doubtful results of actions to collect these policies without this bill, we regard as emphasizing the equity of the bill.

The bill having been filed advisedly, it seems but the obvious thing to impound the fund, provide a receiver to collect, to give acquittances, and to conserve it for distribution among those entitled as per final decree of the court. 23 R. C. L. pp. 20, 27, and 31; 34 Cyc. pp. 58, 59; 20 Cyc. p. 831.

The American-Traders' National Bank, as administrator, joined in the request for a receiver. In this it acted advisedly. The court appointed the same bank as receiver, thus vesting in one disinterested trustee the powers and duties of receiver and administrator, taking care to have full accounts kept, showing each fund and its source, and conserving the rights of all claimants to be fully heard, and awarded appropriate relief.

This is not the occasion to pass upon such equities.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.

