(134 So. 854)

## PRATT v. DEEPWATER COAL & IRON CO.

### 6 Div. 879.

Supreme Court of Alabama.
May 21, 1931.

Pennington & Tweedy, of Jasper, for appellant.

Arthur Fite, of Jasper, for appellee.

**GARDNER, J.**

Appellant sued appellee, a foreign corporation, on account in the circuit court of Walker county, and had issued an ancillary attachment which on August 7, 1930, was levied upon certain stock owned by defendant in another corporation and a large quantity of real estate located in said county. On September 11, 1930, the United States District Court for the Northern Division of Alabama, which included Walker county, appointed an ancillary receiver of defendant corporation, with direction to take possession of all its assets in this state. An unqualified appearance in the cause pending in the circuit court of the state was entered for defendant by its counsel, and upon the trial on December 12, 1930, judgment was rendered in plaintiff's favor for the sum sued for. However, counsel for defendant, who also represented the receiver, made motion that the attachment levy be dissolved, which motion was granted, and from the judgment thus entered plaintiff prosecutes this appeal.

■ Appellant insists that his lien obtained by virtue of the attachment levy is not displaced by the subsequent appointment of a receiver either by the courts of this state or those of a foreign state, and the authorities upon which he relies state such to be the rule, in the absence of statutory provisions otherwise. 14 a Corpus Juris p. 1395. But in this state we have a statute which provides that "the commencement of proceedings for the appointment of a receiver of a corporation or a partnership shall dissolve all attachments, and all levies of executions not completed, made within sixty days next preceding on the property of such corporation or partnership." Section 10124, Code, 1923.

It is insisted, however, this statute is to be properly construed as restricted to receivers appointed by the courts of this state, and to the exclusion of those of the federal court. But the statute makes no such distinction, and a consideration of its purpose tends to a contrary view, for the courts of this country, state and federal, are working to one harmonious end, and have one common purpose in view, the "due, open, honest, and impartial administration of the law." Railroad Commission v. A. G. S. R. R. Co., 185 Ala. 354, 64 So. 13, 21, L. R. A. 1915D, 98, 23 R. C. L. 127.

We conceive of no valid reason for the dissolution in the one case and its denial in another, solely because in the latter instance the receiver was appointed by a federal court having like territorial jurisdiction. Nor do we understand the authorities cited by appellant as indicating a contrary view. In re K-T. Sandwich Shoppe (D. C.) 34 F.(2d) 962; Moran v. Sturges, 154 U. S. 256, 14 S. Ct. 1019, 38 L. Ed. 981; International Shoe Co. v. Pinkus, 278 U. S. 261, 49 S. Ct. 108, 73 L. Ed. 318; Ferris v. C. M. G. Co., 14 Del. Ch. 270, 125 A. 343.

The motion for dissolution was made in open court by defendant's counsel, who also represented the receiver. We see no necessity that the receiver intervene or formally be made a party to the cause. The facts being thus made known to the court in an orderly manner, disclosing the application of the cited statute to the case then being considered, it became the court's duty to act thereon and give the statute its proper effect.

We do not find any holding in Ex parte Wilkinson, 220 Ala. 529, 126 So. 102; Youtsey v. Hoffman (C. C.) 108 F. 693; 40 A. L. R. 913, cited by appellant, that militates against this conclusion.

We are of the opinion the trial court correctly ruled, and the judgment will be accordingly here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.